PIGNONS S.A. de MECANIQUE, et al.,
Plaintiffs, Appellants,

v.

POLAROID CORPORATION,
Defendant, Appellee.

No. 82–1527.

United States Court of Appeals,
First Circuit.

Argued Dec. 8, 1982.
Decided Feb. 28, 1983.

Richard J. Birch, Boston, Mass., with whom Thompson, Birch, Gauthier & Samuels, Boston, Mass., was on brief, for plaintiffs, appellants.

William J. Cheeseman, Boston, Mass., with whom Laurence S. Fordham, Stephen P. Burgay, Jeffrey B. Abramson, and Foley, Hoag & Eliot, Boston, Mass., were on brief, for defendant, appellee.

Before COFFIN, Chief Judge, BREYER, Circuit Judge, and SMITH,* Senior District Judge.

BREYER, Circuit Judge.

This matter is before us for the second time. The first suit, *Pignons S.A. de Mecanique de Precision v. Polaroid Corp.,* 657 F.2d 482 (1st Cir.1981) (*Pignons I*), concerned a complaint Pignons filed against Polaroid in February 1977 and a supplemental complaint that Pignons filed in March 1980. In that case, we affirmed the district court's decision granting summary judgment for Polaroid on Pignons' various, factually complex, claims—claims that included allegations of trademark infringement, false advertising, and unfair competition. In November 1981, Pignons filed another complaint, which repeated the false advertising claims it made in 1980, but which was based in part upon advertisements Polaroid had placed after the filing of the 1980 amended complaint. The district court, finding that the facts involved were "not materially different," dismissed this new

* Of the District of Montana, sitting by designation.

complaint on grounds of *res judicata.* Pignons appeals.

We approach this appeal with knowledge of the record in the prior case, with recognition that the parties are represented by competent counsel, and with an awareness arising from the record that it is undesirable, if not unfair, to prolong these proceedings any more than necessary. We therefore have sought expedition and brevity.

■ The doctrine of *res judicata,* involving "claim preclusion," is a concept which we hesitate to apply in this case because of the ambiguities surrounding its applicability to situations of ongoing wrongful conduct. *Compare Lawlor v. National Screen Service Corp.,* 349 U.S. 322, 326–28, 75 S.Ct. 865, 867–68, 99 L.Ed. 1122 (1955) (*res judicata* does not bar suit based on acts occurring after previous suit for "essentially the same course of wrongful conduct") *with Walsh v. International Longshoremen's Association,* 630 F.2d 864, 873 (1st Cir.1980) (*Lawlor* limited to cases where "subsequent conduct was broader and more farreaching than the conduct which led to the original complaint"). Rather, we shall consider only whether "collateral estoppel," involving "issue preclusion," bars Pignons' new claim. Collateral estoppel may apply as validly to issues of fact as to issues of law. *See, e.g., Becher v. Contoure Laboratories, Inc.,* 279 U.S. 388, 390–92, 49 S.Ct. 356, 357, 73 L.Ed. 752 (1929) (Holmes, J.); *Lyons v. Westinghouse Electric Corp.,* 222 F.2d 184, 188 (2d Cir.1955) (L. Hand, J.). We conclude that, given the district court's finding that the new "facts are not materially different" from the old facts, Polaroid must prevail.

■ Pignons' basic claim rests upon § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). That section makes it unlawful "falsely to describe or represent" goods in commerce, and gives a cause of action to "any person who believes that he is or is likely to be damaged by the use of any such false description or representation." In *Pignons I* we considered whether Pignons could show that it was an injured party entitled to sue under the statute. We held that "Pignons has not ... demonstrated that it can show any likelihood of damage from Polaroid's supposedly false claims concerning SX–70 film." *Pignons I,* 657 F.2d at 493. Moreover, we stated that there was "no evidence in the record" to suggest that Polaroid's color quality claims—even if false—could "cause a prospective purchaser" of Pignons' camera to switch to Polaroid. *Id.* Because of these factors, we affirmed the grant of summary judgment to Polaroid on the Lanham Act issue. Whether the holding was right or wrong, it definitely states that Pignons did not make out one essential element of its claim after a fair opportunity to do so. Accordingly, it stands as a bar to any effort by Pignons to relitigate the issue of whether similar advertising by Polaroid is likely to injure it.

Pignons has sought to circumvent this bar in two ways. First, it argues that its complaint concerns new, post-1980 advertisements and products. As a result, it claims, the factual issue of "likelihood of injury" is no longer the same issue. This argument, however, depends upon whether the new advertisements and products differ in any significant respect from the old. The district court held that they do not and, after reviewing the record, we conclude that the finding is adequately supported.

■ Second, Pignons offers new theories, evidence, and arguments to prove that there is a likelihood of damage, of diversion of trade, and of competition between Pignons and Polaroid as to the quality of color reproduction. It is just this type of argument, however, that collateral estoppel bars Pignons from making. Pignons had a fair opportunity to make these arguments and to introduce this evidence the first time. The law requires the courts to offer Pignons nothing more, for collateral estoppel implements "the principle that one opportunity to litigate an issue fully and fairly is enough." *Continental Can Co. v. Marshall,* 603 F.2d 590, 594 (7th Cir.1979). Once a plaintiff has had a chance to prove a fact, he cannot reopen the matter simply by stating that he wishes to introduce more or better evidence. *See Grip-Pak, Inc. v. Illinois Tool Works, Inc.,* 694 F.2d 466, 469–70

(7th Cir.1982); *Continental Can Co. v. Marshall,* 603 F.2d at 596; *James Talcott, Inc. v. Allahabad Bank, Ltd.,* 444 F.2d 451, 463 (5th Cir.1971) ("To be sure, we recognize that whenever a court considers applying the doctrine of collateral estoppel, there is always a lingering question whether the party might have succeeded in proving his point if he had only been given a second chance at producing evidence. Without more, however, this question is not sufficient to outweigh the extremely important policy underlying the doctrine of collateral estoppel—that litigation of issues at some point must come to an end."), *cert. denied,* 404 U.S. 940, 92 S.Ct. 280, 30 L.Ed.2d 253 (1971).

▮ Summary judgment was also properly granted as to Pignons' remaining claims, including those under Mass.Gen.Laws Ann. ch. 93A § 11. If Pignons has any objection to summary judgment on those claims other than the argument just discussed, it failed to make that objection known in its initial brief on appeal. Accordingly, it has waived any such claim. In preparing briefs and arguments, an appellee is entitled to rely on the content of an appellant's brief for the scope of the issues appealed, and appellant generally may not preserve a claim merely by referring to it in a reply brief or at oral argument. *See Preservation Coalition, Inc. v. Pierce,* 667 F.2d 851, 862 (9th Cir.1982); Fed.R.App.P. 28(a)(2); 9 *Moore's Federal Practice* ¶ 228.02 [2.–1] at 28–7 (1980). We see no reason here for deviating from the principle.

The judgment below is

*Affirmed.*