915 F.2d 1557
 Unpublished Disposition
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
William J. JOHNSTON, Plaintiff, Appellant,
v.
UNITED STATES of America, Defendant, Appellee.
 No. 90-1007.
 United States Court of Appeals, First Circuit.
 Sept. 12, 1990.
 
 Appeal from the United States District Court for the District of Massachusetts; Frank H. Freedman, District Judge.
 William J. Johnston, on brief pro se.
 Shirley D. Peterson, Assistant Attorney General, Gary R. Allen and David English Carmack, Attorney, Tax Division, Department of Justice, on brief, for appellee.
 D.Mass.
 AFFIRMED.
 Before BREYER, Chief Judge, and LEVIN H. CAMPBELL and CYR, Circuit Judges.
 PER CURIAM.
 
 
 1
 Pro se plaintiff-appellant William Johnston filed a complaint and an amended complaint in the district court for the District of Massachusetts seeking removal of two tax liens lodged against him by defendant-appellee the United States and an injunction against further attempts by the Internal Revenue Service ("IRS") to collect back taxes allegedly owed by Johnston. Johnston's tax liability arose out of his failure to file income tax returns for the 1981 and 1982 tax years. The government answered that the district court lacked jurisdiction and filed a motion to dismiss or for summary judgment on the ground that Johnston failed to raise any genuine issue of material fact as to the validity of the IRS' assessment of his unpaid taxes. Johnston also filed a number of other motions, which, in part, were in the nature of supplemental pleadings. On December 1, 1989, the district court issued an eight-page memorandum and order which summarily rejected the government's jurisdictional challenge, granted summary judgment for the government, and denied all of Johnston's pending motions. On December 8, 1989, Johnson filed a motion under Fed.R.Civ.P. 59(e) to alter the district court's judgment. The district court denied that motion on December 11, 1989. Johnston appeals from the judgment and from the denial of his post-judgment motion. We affirm.
 
 
 2
 As an initial matter, the government in its brief presses at length its argument, rejected without discussion by the district court, that the district court lacked jurisdiction over Johnston's suit. The government points out that Johnston has not followed the procedure required by 26 U.S.C. Sec. 7422, which establishes the exclusive mechanism by which a federal taxpayer may challenge a tax assessment in district court. That procedure requires that the taxpayer first pay the tax and exhaust his administrative remedies in seeking a refund. In his amended complaint, Johnston, rather than bringing suit under Sec. 7422, instead styled his suit as a quiet title action to invalidate the two federal tax liens under 28 U.S.C. Sec. 2410. Section 2410 waives the federal government's sovereign immunity from suit in cases brought, inter alia, "to quiet title to" "real or personal property on which the United States has or claims a mortgage or other lien." The government argues that Sec. 2410 does not apply to suits brought by taxpayers and that Aqua Bar & Lounge, Inc. v. United States, 539 F.2d 935 (3rd Cir.1976), which did permit a taxpayer suit, is distinguishable in that the taxpayer in that case did not contest the merits of the underlying tax assessment itself.
 
 
 3
 It would appear from the record that, although the government alleged this jurisdictional defect in its answer to Johnston's complaint, the government did not press the argument in its motion to dismiss or for summary judgment. In any event, we decline to rule on this jurisdictional issue because the judgment of the district court can be readily affirmed on the merits. Norton v. Mathews, 427 U.S. 524, 530-32 (1976). In choosing to bypass the jurisdictional issue we do not, of course, intimate any view as to the substance of that issue.
 
 
 4
 Turning to the merits, we agree with the district court's grant of summary judgment for the reasons stated in the district court's December 1, 1989 memorandum and order. In his complaint, Johnston challenged the legality of the procedures by which the IRS issued a notice of deficiency to Johnston for the 1981 and 1982 tax years, assessed his taxes for those years, and issued a notice of the amount due and a demand for payment. The government on summary judgment set forth evidence showing that the IRS followed proper procedures. We agree, for the reasons stated by the district court, that the government's evidence, if not called into dispute by Johnston, was sufficient to warrant summary judgment. Since Johnston failed to counter the government's showing with any evidence to create a genuine issue of material fact as to the propriety of the IRS' procedures, summary judgment for the government was proper. We add that, like the district court, we too reject Johnston's contention that a deficiency cannot be levied where a taxpayer has filed no return at all. The procedure is not limited to situations where a tax return is filed and shows insufficient tax due. Laing v. United States, 423 U.S. 161, 174 (1976).
 
 
 5
 We shall also briefly discuss several additional issues raised by Johnston and not mentioned in the district court's memorandum and order. Johnston challenges the district court's implicit denial of his Fed.R.Civ.P. 56(f) motion for a continuance of the summary judgment procedure to permit Johnston to conduct discovery to obtain evidence from the IRS showing that proper procedures were not followed. However, in the face of the IRS' showing that it followed the required procedures, Johnston said nothing whatsoever, beyond bare allegations and subjective suspicions, to suggest that any such evidence of irregularity might exist. In fact, Johnston specifically stated in his motion that discovery would reveal that the IRS had not sent him a notice of deficiency, even though (1) in his reply to the government's motion to dismiss he admitted receiving a notice of deficiency, and (2) the government had appended a copy of the notice to the declaration of Paul Barker which accompanied the government's motion for summary judgment. Under the circumstances, we cannot find that the district court abused its discretion in declining to allow Johnston to engage in a "fishing expedition" through discovery before ruling on the government's motion for summary judgment. Mendez v. Belton, 739 F.2d 15, 18-19 (1st Cir.1984); Paul Kadair, Inc. v. Sony Corp. of America, 694 F.2d 1017, 1029-32 (5th Cir.1983).
 
 
 6
 Johnston raised two additional meritless issues in his "supplement to motion to strike and/or for a summary judgment" filed in the district court. First, Johnston argued that the Commissioner of Internal Revenue lacked authority to collect unpaid taxes from him because the delegation of authority from the Secretary of the Treasury to the Commissioner, contained in Treasury Department regulations, was invalid for lack of publication in the Federal Register. However, under 26 C.F.R. Sec. 301.7701-9(b) (published at 25 Fed.Reg. 10928 (Nov. 17, 1960)), if a Treasury regulation provides that a duty may be performed by district directors, that constitutes a delegation of authority from the Treasury Secretary to the Commissioner. Since other published Treasury regulations expressly authorize district directors to issue notices of deficiency and to make levies to collect unpaid taxes, 26 C.F.R. Secs. 301.6212-1, 301.6651-1, there is no defect in the delegation of authority here.
 
 
 7
 Second, Johnston contended that the Form 1040 violated the Paperwork Reduction Act of 1980, 44 U.S.C. Secs. 3501ff, because it contained an incorrect "control number" assigned by the Office of Management and Budget pursuant to that Act. Accordingly, Johnston asserts, it would have been illegal for him to have filed a Form 1040. However, the control number printed on the Form 1040, 1545-0074, was correctly assigned according to 26 C.F.R. Sec. 602.101 (assigning that control number to the filing of tax returns and the payment of taxes under 26 C.F.R. Secs. 1.6012-1, 1.6151-1). In addition, the Paperwork Reduction Act does not apply to "[t]he process of assessment and collection of taxes" against specific individuals. Cameron v. IRS, 593 F.Supp. 1540, 1556 (N.D.Ind.1984), aff'd, 773 F.2d 126 (7th Cir.1985). In any case, we cannot think that, even if Johnston were correct, such a technical defect in the Form 1040 could excuse a taxpayer's failure to file a tax return.
 
 
 8
 Johnston argues in his reply brief that certain IRS records submitted by the government in support of summary judgment were incorrectly accepted by the district court because they constituted computer-generated hearsay and because no adequate foundation was laid for their admission. This issue is not properly before this court because it was not raised in Johnston's main brief on appeal. Pignons S.A. de Mecanique v. Polaroid Corp., 701 F.2d 1, 3 (1st Cir.1983). In any event, these records are not hearsay because they fall within the hearsay exception for "public records" in Fed.R.Evid. 803(8). The records were properly authenticated under Fed.R.Evid. 901(a), (b)(7) by the declaration of the government's attorney that these records were received by him from IRS files and that he was their present custodian.
 
 
 9
 Johnston's motion to alter judgment under Fed.R.Civ.P. 59(e) essentially raised the same issues we have discussed above and was properly denied for the reasons we have stated.
 
 
 10
 We have considered Johnston's other arguments and found them meritless.
 
 
 11
 The judgment of the district court is affirmed.