January 29, 1993

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-1269

 CHARLES N. WATSON,

 Plaintiff, Appellant,

 v.

 C. MARK CATON, ET AL.,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF MAINE

 [Hon. Morton A. Brody, U.S. District Judge]
 

 

 Before

 Selya, Cyr and Boudin,
 Circuit Judges.
 

 

 Charles N. Watson, on brief pro se.
 

 

 

 Per Curiam. The appellant, Charles N. Watson, was an
 

inmate in the Maine correctional system, incarcerated at the

Downeast Correctional Facility, and later at the Charleston

Correctional Facility, at all times relevant to this lawsuit.

In November 1991 Watson filed a complaint in federal court

which alleged that the defendants, all officials of the Maine

Department of Correction or the Downeast or Charleston

prisons, had violated his federal constitutional rights, in

violation of 42 U.S.C. 1983.

 Watson's complaint contained four counts, only three of

which are at issue in this appeal.1 In his first count,

Watson described injuries he had sustained to his right hand

before he went to prison. The injuries had required surgery,

and the hand continued to cause problems. After he entered

prison, beginning in February 1989, Watson sought treatment.

The specialists he contacted would not travel to the prison,

and prison officials would not allow him to go to the

doctors. According to the complaint, defendant Peggie

Mitchie, a nurse at the Downeast Correctional Facility,

refused to examine Watson's hand because the injury had

occurred before he went to prison, and she said that

"therefore she was not responsible for care or treatment of

 

 1The third count of the complaint related to dental
treatment of a broken cap on a front tooth. Watson did not
challenge the dismissal of this count in his appellate brief,
and therefore has waived the issue. Pignons S.A. de
 
Mecanique v. Polaroid Corp., 701 F.2d 1, 3 (1st Cir. 1983)
 
(issues not presented in appellant's opening brief are
waived).

that hand." Thereafter Watson says he continued to suffer

and eventually a doctor did examine the hand and recommended

another round of surgery.

 The second count of the complaint alleged that Watson

was injured when he fell through a weak ceiling while working

at the Downeast prison. He saw a nurse, who treated a gash

on his leg but declined to provide further treatment when he

told her that he had also injured his back, saying that his

back "would be okay." Not until he transferred to the

Charleston prison did Watson receive treatment for his back

injury; but even then, Watson complained, the doctors

prescribed only medication and bed rest, and failed to order

the physical therapy that he thought was necessary.

Eventually, the injury required surgery, and even after the

operation Watson's back remained "40% impaired."

 Finally, Watson alleged in his fourth count that, while

housed at the Downeast Correctional Facility, he purchased a

number of cassette tapes and compact disks through the mail.

When these items arrived at the prison, officials deemed them

"non-allowable" and did not deliver them to Watson. Nor did

they provide Watson with a "non-allowable property sheet,"

which, Watson contends, the Department of Correction

"normally issues" in such situations. A corrections officer

destroyed the tapes and disks, but the prison did not notify

Watson of either the delivery or the destruction until 11

 -3-

days had passed.

 In addition to his complaint, Watson filed with the

district court an application to proceed in forma pauperis.
 

Acting on this request before any of the defendants had

responded to the complaint, the district court granted Watson

in forma pauperis status but dismissed the complaint on its
 

own motion under 28 U.S.C. 1915(d) with a short opinion

stating its reasons. After the district court denied his

motion for reconsideration and motion to vacate judgment,

Watson filed this appeal.

 Under 28 U.S.C. 1915(d) a federal district court may

dismiss an in forma pauperis complaint if the complaint is,
 

among other things, "frivolous." A claim is "frivolous"

within the meaning of section 1915(d) when it is "based on an

indisputably meritless legal theory," or makes "clearly

baseless" factual contentions. Neitzke v. Williams, 490 U.S.
 

319, 327 (1989). We review a section 1915(d) dismissal for

"abuse of discretion," Denton v. Hernandez, 112 S. Ct. 1728,
 

1734 (1992), taking into account the liberal pleading

standards applicable to complaints filed by pro se
 

plaintiffs.

 Watson's first two counts alleged that the defendants

failed to provide, or caused delays in providing, appropriate

medical care. The courts have consistently refused to create

constitutional claims out of disagreements between prisoners

 -4-

and doctors about the proper course of a prisoner's medical

treatment, or to conclude that simple medical malpractice

rises to the level of cruel and unusual punishment. See,
 

e.g., Estelle v. Gamble, 429 U.S. 97, 106 (1976); DesRosiers
 

v. Moran, 949 F.2d 15, 19 (1st Cir. 1991). However, prison
 

officials and doctors may violate the Eighth Amendment if

they exhibit "deliberate indifference to serious medical

needs." Estelle v. Gamble, 429 U.S. at 106. The obvious
 

case would be a denial of needed medical treatment in order

to punish the inmate. But deliberate indifference may also

reside in "wanton" decisions to deny or delay care, Wilson
 

v. Seiter, 111 S. Ct. 2321, 2326 (1992), where the action is
 

recklessness, "not in the tort law sense but in the

appreciably stricter criminal-law sense, requiring actual

knowledge of impending harm, easily preventable."

DesRosiers, 949 F.2d at 19.
 

 Watson alleged in the first count of his complaint that

the prison nurse refused to treat him for an injury, which

proved serious enough to require surgery, on the non-medical

ground that the state was not responsible for injuries caused

by events that occurred before Watson entered prison. A

deliberate refusal to treat a serious medical condition of a

prisoner on such a ground could hardly be justified and,

while the allegations may prove untrue, they are not

"fantastic or delusional." Estelle v. Gamble, 490 U.S. at
 

 -5-

328. We conclude that Watson's first count was not

frivolous, although it may--based on further information--

prove to be wholly without merit. How and in what form that

information is obtained is a matter for the district court to

decide in the first instance; we note that the state has not

yet filed an answer to this charge.

 Watson's second count relating to his back injury

presents a different question. On its face, the facts set

forth allege only the kind of disagreement about the proper

course of treatment that does not rise to the level of a

constitutional violation: Watson wanted more attention from

the nurse, who said that no treatment was needed; he later

wanted physical therapy to be ordered by the doctors, who

thought that drugs and rest would do the trick.

 To append labels like "wanton" or "deliberate

indifference" to this conduct, when nothing suggests that the

medical judgment was absurd or that improper reasons were

given for refusing treatment, cannot alter what is in essence

a claim of negligence. The difference between failing to

state a claim and making a frivolous claim is in some

situations a question of degree. In this case we think that

the district court acted within its considerable discretion,

Wilson, 111 S. Ct. at 2326, in concluding that this count
 

stated no facts suggesting more than simple negligence and

that, since simple negligence is not a constitutional

 -6-

violation, the claim was subject to dismissal under section

1915(d).2

 Watson's fourth count alleged that prison officials

refused to deliver several cassette tapes and compact discs

to him, denying those items as "non-allowable" but failing to

give Watson a "non-allowable property sheet," and failing as

well to notify Watson that the items had been delivered.

Instead, Watson says, a corrections officer destroyed them.

Watson does not complain directly of the decision to withhold

the property from him, but rather of the lack of notice and

the resulting destruction of the property before he had a

change to have the items sent back. In other words, Watson

has raised an issue of procedural due process.

 The Fourteenth Amendment says that state officials may

not deprive persons of property without "due process of law."

U.S. Const., art. XIV. The process due depends on the

circumstances. Mathews v. Eldridge, 424 U.S. 319, 335
 

(1976). The cases distinguish sharply between deprivations

caused by "random, unauthorized" conduct of state officials,

and deprivations caused by conduct "pursuant to established

state procedure." See Hudson v. Palmer, 468 U.S. 517, 532
 

(1984). For the former, the state is not automatically

 

 2 Conceivably, in the remand in connection with count
one, Watson could move for leave to replead count two to
allege facts amounting to a constitutional violation. If he
did so, we assume the court would give this motion due
consideration. See Denton, 112 S. Ct. at 1734.
 

 -7-

liable;3 in the latter case there may be liability where the

state policy approves or directs the conduct but falls below

constitutional standards.

 In this instance, Watson does not suggest that the

officer's conduct reflected a state policy. His brief states

that "a [s]upervisor took it upon his own" to throw away the

property without giving Watson notice or allowing him the 30

days permitted to prisoners to ship back non-allowable items.

The complaint itself asserts that the lack of notice to

Watson involved the failure to furnish him "a non-allowable

property sheet, which the Department of Corrections normally

issues . . . . " The clear inference from these allegations

is that the action was a deviation from, and not a reflection

of, an established state procedure. Under the precedents

cited, such a claim has no legal basis in a section 1983

case.

 We affirm the judgment below in dismissing counts two
 

and four of the complaint. As to count one, judgment is

vacated and the case remanded for further proceedings in
 

accordance with this opinion.

 So Ordered.
 

 

 3The officer allegedly responsible for the destruction
is apparently not a defendant in this case. Watson does not
allege that the state refused to provide a post-deprivation
remedy for the alleged wrong by the officer. See Hudson v.
 
Palmer, 468 U.S. at 533.
 

 -8-