66 F.3d 307
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
John VIRAPEN, et al., Plaintiffs, Appellants,
v.
ELI LILLY, S.A., etc., et al., Defendants, Appellees.
 No. 95-1407.
 United States Court of Appeals, First Circuit.
 Sept. 22, 1995.
 
 Appeal from the United States District Court for the District of Puerto Rico; [Hon. Juan M. Perez-Gimenez, U.S. District Judge].
 Jorge Miguel Suro Ballester on brief for appellants.
 Carl Schuster and Schuster Aguilo Rivera & Santiago on brief for appellees.
 Before SELYA, Circuit Judge, COFFIN, Senior Circuit Judge, and BOUDIN, Circuit Judge.
 PER CURIAM.
 
 
 1
 This appeal stems from a suit alleging employment discrimination in violation of federal statutes and local law. The principal plaintiff, John Virapen, who was born in British Guyana and is of Indian descent, alleges that his employer, Eli Lilly S.A., a pharmaceutical firm, discharged him from an executive position because of his skin color, race, and national origin. The other plaintiffs are Virapen's wife and conjugal partnership; their claims are wholly derivative of his claim, and need not be addressed separately.
 
 
 2
 The district court conducted a four-day bench trial concerning Virapen's allegations. The court thereafter wrote a meticulously reasoned opinion in which it concluded that Virapen had failed to prove his case. See Virapen v. Eli Lilly, S.A., No. 90-1453, slip op. (D.P.R. March 23, 1995). Having read the record and carefully considered the parties' briefs, we find no basis to disturb the district court's decision. To the precise contrary, we regard this as a suitable case in which to put into practice our stated belief that, when "a trial court has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquent simply to hear its own words resonate." In re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st Cir.1993). Consequently, we affirm the judgment for substantially the reasons elucidated in the opinion below. We add only a few brief comments.
 
 
 3
 First: Virapen essentially asks that we reweigh the facts de novo. Our standard of review, however, is much more circumscribed. Following a bench trial, an appellate tribunal is not warranted in rejecting the trial court's "findings of fact or conclusions drawn therefrom unless, on the whole of the record, [the court of appeals] form[s] a strong, unyielding belief that a mistake has been made." Cumpiano v. Banco Santander P.R., 902 F.2d 148, 152 (1st Cir.1990). Findings concerning an employer's intent are subject to review under this standard, and can be set aside only for clear error. See id. (citing authorities). The record, read objectively, does not yield a conviction that a mistake has been made, and no error clear or otherwise is discernible.
 
 
 4
 Second: Virapen's complaint that he was wrongfully denied the opportunity to adduce rebuttal evidence rings hollow. The trial court has the right to exercise reasonable control over the mode and manner of presenting evidence, see Fed.R.Evid. 611, and the court did not abuse its broad discretion here. See, e.g., Bhaya v. Westinghouse Elec. Corp., 922 F.2d 184, 190 (3d Cir.1990), cert. denied, 501 U.S. 1217 (1991) (explaining that "a trial judge's decision regarding the scope of rebuttal may not be reversed unless there has been a clear abuse of discretion"); Hickok v. G.D. Searle & Co., 496 F.2d 444, 447 (10th Cir.1974) (explaining that the determination of what constitutes proper rebuttal evidence lies within the district court's sound discretion).
 
 
 5
 What is more, Virapen has not identified any evidence, unavailable to him during the presentation of his case in chief, that the court precluded him from presenting after the defense rested. Nor has he pointed to any specific excluded evidence, the need for which could not and should not have been anticipated from the outset. That ends the matter. See, e.g., Cates v. Sears Roebuck & Co., 928 F.2d 679, 685 (5th Cir.1991) (warning that rebuttal evidence "is not to be used as a continuation of the case-in-chief"); Pignons S.A. de Mecanique v. Polaroid Corp., 701 F.2d 1, 2 (1st Cir.1983) ("Once a plaintiff has had a chance to prove a fact, he cannot reopen the matter simply by stating that he wishes to introduce more or better evidence.").
 
 
 6
 Third: Virapen's insistence that the district court erred in respect to whether he established a prima facie case of employment discrimination misses the mark. Where, as here, a discrimination case that rests on circumstantial evidence is tried to a conclusion, "the burden-shifting framework has fulfilled its function, and backtracking serves no useful purpose." Sanchez v. Puerto Rico Oil Co., 37 F.3d 712, 720 (1st Cir.1994). Thus, as we have said, "[t]o focus on the existence of a prima facie case after a discrimination case has been fully tried on the merits is to 'unnecessarily evade[ ] the ultimate question of discrimination vel non.' " Id. (quoting United States Postal Serv. Bd. of Govs. v. Aikens, 460 U.S. 711, 713-14 (1983)); see also Mesnick v. General Elec. Co., 950 F.2d 816, 824-25 (1st Cir.1991), cert. denied, 504 U.S. 985 (1992). So it is here.
 
 
 7
 Fourth: Virapen's jeremiad that the district court erred in respect to his local-law claims is without merit. The district court analyzed both the Law 100 claim, P.R. Laws Ann. tit. 29, Sec. 146 (1985), and the Law 80 claim, P.R. Laws Ann. tit. 29, Sec. 185(a) (1985), under the appropriate tests. See Virapen, supra, slip op. at 4. It supportably found that Virapen did not establish a case of employment discrimination under the Law 100 test. See id. at 19. The court similarly found that Virapen did not establish unjustified dismissal within the meaning of Law 80 because "[t]he repetitive nature of plaintiff's misconduct ... constituted 'good cause' as a 'pattern of improper ... conduct' under Law 80." Id. (quoting statute). Those findings are not clearly erroneous.
 
 
 8
 We need go no further. The judgment of the district court is summarily affirmed. See 1st Cir. R. 27.1.
 
 
 9
 Affirmed.