USCA1 Opinion

 

 September 22, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT _________________________ No. 95-1407 JOHN VIRAPEN, ET AL., Plaintiffs, Appellants, v. ELI LILLY, S.A., ETC., ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ ____________________ Before Selya, Circuit Judge, _____________ Coffin, Senior Circuit Judge, ____________________ and Boudin, Circuit Judge. _____________ ____________________ Jorge Miguel Suro Ballester on brief for appellants. ___________________________ Carl Schuster and Schuster Aguilo Rivera & Santiago on brief _____________ _________________________________ for appellees. ____________________ ____________________  Per Curiam. This appeal stems from a suit alleging Per Curiam ___________ employment discrimination in violation of federal statutes and local law. The principal plaintiff, John Virapen, who was born in British Guyana and is of Indian descent, alleges that his employer, Eli Lilly S.A., a pharmaceutical firm, discharged him from an executive position because of his skin color, race, and national origin. The other plaintiffs are Virapen's wife and conjugal partnership; their claims are wholly derivative of his claim, and need not be addressed separately. The district court conducted a four-day bench trial concerning Virapen's allegations. The court thereafter wrote a meticulously reasoned opinion in which it concluded that Virapen had failed to prove his case. See Virapen v. Eli Lilly, S.A., ___ _______ _______________ No. 90-1453, slip op. (D.P.R. March 23, 1995). Having read the record and carefully considered the parties' briefs, we find no basis to disturb the district court's decision. To the precise contrary, we regard this as a suitable case in which to put into practice our stated belief that, when "a trial court has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquent simply to hear its own words resonate." In __ re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st ___________________________________________ Cir. 1993). Consequently, we affirm the judgment for substantially the reasons elucidated in the opinion below. We add only a few brief comments. First: Virapen essentially asks that we reweigh the _____ facts de novo. Our standard of review, however, is much more 3 circumscribed. Following a bench trial, an appellate tribunal is not warranted in rejecting the trial court's "findings of fact or conclusions drawn therefrom unless, on the whole of the record, [the court of appeals] form[s] a strong, unyielding belief that a mistake has been made." Cumpiano v. Banco Santander P.R., 902 ________ _____________________ F.2d 148, 152 (1st Cir. 1990). Findings concerning an employer's intent are subject to review under this standard, and can be set aside only for clear error. See id. (citing authorities). The ___ ___ record, read objectively, does not yield a conviction that a mistake has been made, and no error clear or otherwise is discernible. Second: Virapen's complaint that he was wrongfully ______ denied the opportunity to adduce rebuttal evidence rings hollow. The trial court has the right to exercise reasonable control over the mode and manner of presenting evidence, see Fed. R. Evid. ___ 611, and the court did not abuse its broad discretion here. See, ___ e.g., Bhaya v. Westinghouse Elec. Corp., 922 F.2d 184, 190 (3d ____ _____ _________________________ Cir. 1990), cert. denied, 501 U.S. 1217 (1991) (explaining that _____ ______ "a trial judge's decision regarding the scope of rebuttal may not be reversed unless there has been a clear abuse of discretion"); Hickok v. G.D. Searle & Co., 496 F.2d 444, 447 (10th Cir. 1974) ______ __________________ (explaining that the determination of what constitutes proper rebuttal evidence lies within the district court's sound discretion). What is more, Virapen has not identified any evidence, unavailable to him during the presentation of his case in chief, 4 that the court precluded him from presenting after the defense rested. Nor has he pointed to any specific excluded evidence, the need for which could not and should not have been anticipated from the outset. That ends the matter. See, e.g., ___ ____ Cates v. Sears Roebuck & Co., 928 F.2d 679, 685 (5th Cir. 1991) _____ ____________________ (warning that rebuttal evidence "is not to be used as a continuation of the case-in-chief"); Pignons S.A. de Mecanique v. _________________________ Polaroid Corp., 701 F.2d 1, 2 (1st Cir. 1983) ("Once a plaintiff ______________ has had a chance to prove a fact, he cannot reopen the matter simply by stating that he wishes to introduce more or better evidence."). Third: Virapen's insistence that the district court _____ erred in respect to whether he established a prima facie case of employment discrimination misses the mark. Where, as here, a discrimination case that rests on circumstantial evidence is tried to a conclusion, "the burden-shifting framework has fulfilled its function, and backtracking serves no useful purpose." Sanchez v. Puerto Rico Oil Co., 37 F.3d 712, 720 (1st _______ ____________________ Cir. 1994). Thus, as we have said, "[t]o focus on the existence of a prima facie case after a discrimination case has been fully tried on the merits is to 'unnecessarily evade[] the ultimate question of discrimination vel non.'" Id. (quoting United States ___ _____________ Postal Serv. Bd. of Govs. v. Aikens, 460 U.S. 711, 713-14 ____________________________ ______ (1983)); see also Mesnick v. General Elec. Co., 950 F.2d 816, ___ ____ _______ _________________ 824-25 (1st Cir. 1991), cert. denied, 504 U.S. 985 (1992). So it _____ ______ is here. 5 Fourth: Virapen's jeremiad that the district court ______ erred in respect to his local-law claims is without merit. The district court analyzed both the Law 100 claim, P.R. Laws Ann. tit. 29, 146 (1985), and the Law 80 claim, P.R. Laws Ann. tit. 29, 185(a) (1985), under the appropriate tests. See Virapen, ___ _______ supra, slip op. at 4. It supportably found that Virapen did not _____ establish a case of employment discrimination under the Law 100 test. See id. at 19. The court similarly found that Virapen did ___ ___ not establish unjustified dismissal within the meaning of Law 80 because "[t]he repetitive nature of plaintiff's misconduct . . . constituted 'good cause' as a 'pattern of improper . . . conduct' under Law 80." Id. (quoting statute). Those findings are not ___ clearly erroneous. We need go no further. The judgment of the district court is summarily affirmed. See 1st Cir. R. 27.1. ___ Affirmed. Affirmed ________ 6