United States Court of Appeals
For the First Circuit



No. 97-1477

THOMAS R.W., BY AND THROUGH HIS NEXT
FRIENDS PAMELA R. AND EDWARD W.,

Plaintiffs, Appellants,

v.

MASSACHUSETTS DEPARTMENT OF EDUCATION, ET AL.,

Defendants, Appellees.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor, U.S. District Judge] 



Before

Stahl, Circuit Judge, 

Campbell and Bownes, Senior Circuit Judges. 



Stewart T. Graham, Jr. with whom Graham & Graham was on brief for 
appellants.
Judy Zeprun Kalman, Assistant Attorney General, with whom Scott 
Harshbarger, Attorney General, was on brief for appellee Massachusetts 
Department of Education, Peter L. Smith, with whom Paroshinsky Law 
Offices was on brief for appellee Mohawk Trail Regional District. 



November 17, 1997


BOWNES, Senior Circuit Judge. This appeal was BOWNES, Senior Circuit Judge. 

brought under the Individuals with Disabilities Education Act

(IDEA), 20 U.S.C. 1400 et seq. (1996) to resolve the 

question of whether a disabled student in a private school is

entitled to the on-site services of a one to one aide

provided by the public school system. Because we find that

appellant's claim for injunctive relief became moot when he

graduated, we now vacate the judgment of the district court

and dismiss the appeal without reaching the merits.

BACKGROUND  BACKGROUND 

Appellant Thomas R.W. (Thomas) is a fourteen-year-

old, special education student who has ataxia telangiectasia,

a congenital, progressive neurological disorder that results

in loss of mobility control. As a student at the private,

non-sectarian Greenfield Center School since kindergarten,

Thomas had received physical, occupational, and speech

therapy services as part of his individual education plan

(IEP). Appellees Massachusetts Department of Education and

Mohawk Trail Regional School District, the local education

agency (collectively "LEA"), provided these services to

Thomas at the private Greenfield School.

Because of his ongoing physical difficulties,

Thomas came to require the full-time help of an instructional

aide to assist him in the classroom. Although his parents

and the LEA both agreed with the necessity of an aide, their

-2- 2

dispute centered on whether the LEA would fund an aide at the

private school. The parents wanted the LEA to provide an

aide for Thomas at the private Greenfield School; the LEA

offered to pay for an aide only at the local public school,

Colrain. Rejecting the IEP that called for an aide at the

public school, Thomas's parents (with assistance from

Greenfield) assumed the cost of an aide for on-site special

education services at the private school, and sought

injunctive relief against the LEA in an appeal to the Bureau

of Special Education Appeals (BSEA).

At the hearing before the BSEA, Thomas argued that

the LEA was not only permitted to fund an aide at the private

school, but that the IDEA required such funding for on-site

services, relying on Zobrest v. Catalina Foothills Sch. 

Dist., 509 U.S. 1 (1993) (providing a sign language 

interpreter at parochial school under IDEA does not violate

establishment clause). The LEA maintained that its statutory

obligations under the IDEA were fulfilled by offering Thomas

a "genuine opportunity for equitable participation" in

special education services available at the public school.

The BSEA hearing officer ruled that the LEA was not legally

obligated to fund an aide at the private school because

Thomas's IEP, which made an aide available at the public

school, provided for a free appropriate public education

-3- 3

(FAPE), thereby satisfying the LEA's responsibility under the

IDEA.

Thomas sought review of the BSEA decision in the

district court (Neiman, U.S.M.J. presiding), which found that

Thomas's parents "ha[d] not borne their burden of

demonstrating the central element of their case -- the

inappropriateness of the IEP." The district court found

that, to establish a claim under the IDEA, a plaintiff must

first make a threshold showing that the IEP was

inappropriate. An IEP is inappropriate if it denies the

student a FAPE. See School Comm. of Burlington v. Dep't of 

Educ., 471 U.S. 359, 374 (1985) ("If a handicapped child has 

available a free appropriate public education and the parents

choose to place the child in a private school or facility,

the public agency is not required . . . to pay for the

child's education at the private school or facility."); 34

C.F.R. 300.403 (1984). In fact, the BSEA hearing officer

had determined that neither the appropriateness of the IEP,

nor the ability and willingness of the LEA to implement it,

was in dispute. Because Thomas failed to establish this

essential element of his claim -- that his IEP was

inappropriate -- the magistrate judge recommended granting

defendant LEA's motion for summary judgment.

Upon de novo review, the district court (Ponsor,

J.), adopted the magistrate's recommendation, holding that

-4- 4

Thomas had failed to show as a matter of law that his IEP was

inadequate to provide him with a FAPE. In entering summary

judgment for the LEA, the district court prudently declined

to address the constitutional issues regarding Zobrest raised 

in dicta by the magistrate. Thomas filed this appeal. 

STANDARD OF REVIEW STANDARD OF REVIEW

We review a district court's grant of summary

judgment de novo, affirming only where there are no disputed

issues of material fact and the moving party is entitled to

judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex 

Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  

DISCUSSION DISCUSSION

Article III, 2 of the Constitution grants

jurisdiction to federal courts to adjudicate only live cases

or controversies. U.S. Const., art. III, 2, cl. 1. For a

case to be justiciable, "an actual controversy must exist at

all stages of appellate . . . review, and not simply at the

date the action is initiated." Roe v. Wade, 410 U.S. 113, 

125 (1973). A case becomes moot "when the issues presented

are no longer 'live' or the parties lack a legally cognizable

interest in the outcome, or alternatively, when the party

invoking federal court jurisdiction no longer has a personal

stake in the outcome of the controversy." Boston and Maine 

Corp. v. Brotherhood of Maintenance of Way Employees, 94 F.3d 

15, 20 (1st Cir. 1996) (internal citations omitted). "A case

-5- 5

is moot, and hence not justiciable, if the passage of time

has caused it completely to lose its character as a present,

live controversy of the kind that must exist if the court is

to avoid advisory opinions on abstract propositions of law."

Laurence H. Tribe, American Constitutional Law 3-11, at 83

(2d ed. 1988) (internal quotations omitted). 

Thomas's graduation from the private Greenfield

School last spring, and matriculation into the public Mohawk

Trail Regional High School this fall, mooted the issue for

which he sought relief. Since his graduation, Thomas no

longer meets the live case or controversy requirement of

Article III, 2. In the absence of a live case or

controversy, this case is moot and therefore, we lack

jurisdiction to rule on the merits of appellant's claim. 

The rationale for the mootness doctrine is

predicated on judicial economy -- saving the use of the

court's scarce resources for the resolution of real disputes.

To avoid the relitigation of an otherwise moot question,

however, the mootness doctrine countenances an exception for

issues "capable of repetition, yet evading review." Roe, 410 

U.S. at 125. To preserve a case from mootness under this

exception, two requirements must be met: "(1) the challenged

action was in its duration too short to be fully litigated

prior to its cessation or expiration, and (2) there was a

reasonable expectation that the same complaining party would

-6- 6

be subjected to the same action again." Pallazola v. Rucker, 

797 F.2d 1116, 1129 (1st Cir. 1986) (quoting Weinstein v. 

Bradford, 423 U.S. 147, 149 (1975)). The possibility that 

other parties may subsequently bring a similar claim does not

save a case from mootness. Lane v. Williams, 455 U.S. 624, 

634 (1982). 

Though IEP claims similar to Thomas's have been

found to fit the "capable of repetition, yet evading review"

exception, see Honig v. Doe, 484 U.S. 305, 318 (1988), Thomas 

has not demonstrated a "sufficient likelihood that he will

again be wronged in a similar way." Id. at 323 (quoting Los 

Angeles v. Lyons, 461 U.S. 95, 111 (1983)). In Honig, the 

Court retained jurisdiction where there was a reasonable

likelihood that respondents would again suffer the

deprivation of IDEA-mandated rights that gave rise to the

suit. There, given the erratic nature of plaintiff's

disability, it was reasonably expected that plaintiff would

again be subjected to a violation of the IDEA for conduct

related to his disability. Id. at 319-20. Thomas, however, 

has not adduced any evidence to conclude that there is a

reasonable expectation that his situation will recur.

Because Thomas cannot reasonably be expected to re-enroll at

the Greenfield School, nor has he declared an intention to

transfer to a private high school, this case does not fall

within an exception to the mootness doctrine. 

-7- 7

Although appellant concedes that "the injunctive

relief originally sought . . . is now moot," he argues that

his claim for reimbursement preserves the case. If pled in

the alternative or otherwise evident from the record, "a

claim for damages will keep a case from becoming moot where

equitable relief no longer forms the basis of a live

controversy." Tribe, supra at 84. A review of the record on 

appeal, however, demonstrates that Thomas failed to

articulate a claim for damages in the district court, where

he sought only injunctive and declaratory relief. 

Appellant's scant two paragraph argument seeking

reimbursement -- first raised in his reply brief -- falls

short of the requisite timeliness and formulation necessary

to preserve a claim for damages. Arguments raised for the

first time in a reply brief filed in this court come too late

to be preserved on appeal. Because "an appellee is entitled

to rely on the content of appellant's brief for the scope of

the issues appealed, an[] appellant generally may not

preserve a claim merely by referring to it in a reply brief

or at oral argument." Pignons S.A. de Mecanique v. Polaroid 

Corp., 701 F.2d 1, 3 (1st Cir. 1983). "[I]ssues adverted to 

in a perfunctory manner, unaccompanied by some effort at

developed argumentation, are deemed waived . . . . It is not

enough merely to mention a possible argument in the most

skeletal way, leaving the court to . . . put flesh on its

-8- 8

bones." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 

1990). 

Nor does the general prayer for "such further

relief as this court deems just and proper," Complaint 

35e, operate to preserve a request for damages in order to

avoid mootness where there is no specific request and no

evidence to sustain a claim for reimbursement. "[A] claim

for nominal damages, extracted late in the day from

[plaintiff's] general prayer for relief and asserted solely

to avoid otherwise certain mootness, b[ears] close

inspection." Arizonans for Official English v. Arizona, 117 

S. Ct. 1055, 1070 (1997). In Arizonans, the Supreme Court 

last term declined to revive an otherwise moot case based on

a claim for nominal damages wrested from a general prayer for

relief. On close inspection, appellate courts "are

especially reluctant in these circumstances to read a damages

claim into the Complaint's boilerplate prayer for 'such other

relief as the Court deems just and proper.'" Fox v. Board of 

Trustees of State Univ. of N.Y., 42 F.3d 135, 141-2 (2d Cir. 

1994) (rejecting claim for damages based on general prayer

for relief proffered to save a case from mootness). 

Thomas's reimbursement claim was too little, too late.

Consequently, that claim is deemed waived and therefore

cannot supply the residual live controversy necessary to

preserve his entire case from being mooted. 

-9- 9

CONCLUSION CONCLUSION

"As a general rule, when a case becomes moot on

appeal . . . we vacate the district court's decision and

remand with a direction to dismiss." Newspaper Guild of 

Salem v. Ottaway Newspapers, 79 F.3d 1273, 1285 n.15 (1st 

Cir. 1996) (accord United States v. Munsingwear, Inc., 340 

U.S. 36, 39 (1950)). We do not resolve the question raised

by the merits of this appeal: whether special education

services under the IDEA must be offered to a student at a

private school by the LEA where the LEA has proposed and is

capable of implementing an appropriate IEP. We lack

jurisdiction to decide this question. The judgment below is

vacated, and the case is remanded with direction to dismiss vacated remanded dismiss 

the complaint as moot. 

-10- 10