# United States Court of Appeals

## For the First Circuit

No. 06-2512

RAMALLO BROS. PRINTING, INC.,

Plaintiff, Appellant,

v.

EL DÍA, INC.; EDITORIAL PRIMERA HORA, INC.;
ADVANCED GRAPHIC PRINTING, INC.; CARLOS NIDO,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

(Hon. José Antonio Fusté, U.S. District Judge)

Before

Boudin, Chief Judge,
Selya, Senior Circuit Judge,
and Stafford,[*] Senior District Judge.

Camilo K. Salas III, with whom Salas & Co., L.C., John F.
Nevares, and John F. Nevares and Associates P.S.C., were on brief,
for appellant.
Lee H. Simowitz, with whom Bruce W. Sanford, Mark A. Cymrot,
Baker & Hostetler LLP, Salvador Antonetti-Zequeira, and Fiddler
González & Rodríguez, PSC, were on brief, for appellees.

June 18, 2007

[*]Of the Northern District of Florida, sitting by designation.

**STAFFORD**, **Senior District Judge**.  Appellant, Ramallo Bros. Printing, Inc. ("Ramallo"), appeals from the district court's dismissal of its complaint on res judicata and collateral estoppel grounds.  We AFFIRM.

I.

A.

Briefly summarized, the facts as alleged in Ramallo's complaint are as follows.  Ramallo is a commercial printer whose business includes, among other things, the printing of corporate supplements that are inserted in and delivered with newspapers of general circulation in Puerto Rico.  Appellees, El Día, Inc. ("El Día"), and Editorial Primera Hora, Inc. ("Editorial Primera Hora"), own and publish newspapers in Puerto Rico that occasionally contain corporate supplements.  El Día owns and prints *El Nuevo Día*, a leading newspaper in Puerto Rico.  Editorial Primera Hora owns *Primera Hora*, a Puerto Rican daily newspaper printed by El Día.

Appellee, Advanced Graphic Printing, Inc. ("AGP"), is a commercial printing business established by El Día as a department of *El Nuevo Día*.  Among other things, AGP prints corporate supplements for insertion in *El Nuevo Día* and *Primera Hora*.  As a matter of policy, El Día and Editorial Primera Hora require that all corporate supplements inserted into *El Nuevo Día* and *Primera Hora* be printed by AGP.

On February 24, 2006, Ramallo celebrated its fortieth

-2-

anniversary. To commemorate the event, Ramallo prepared and printed a corporate supplement to celebrate and advertise its accomplishments as a commercial printer. Ramallo tendered its corporate supplement to El Día for insertion in *El Nuevo Día* and *Primera Hora,* but Carlos Nido,[1] *El Nuevo Día's* Vice President of Sales, informed Ramallo that its fortieth anniversary supplement could not be inserted into either *El Nuevo Día* or *Primera Hora* because it had not been printed by AGP. Ramallo thereafter filed this lawsuit, challenging the policy that makes printing by AGP a requirement for insertion of corporate supplements into *El Nuevo Día* and *Primera Hora*.

B.

In 2002, approximately four years before Ramallo filed this case, Ramallo filed another lawsuit against the same defendants that are sued here. See Ramallo Bros. Printing, Inc. v. El Día, Inc., 392 F. Supp. 2d 118 (D.P.R. 2005) ("Ramallo I"). At the time of Ramallo I, El Día had designated Creative Minds, a former *El Nuevo Día* staff unit that was then a division of AGP, to be its exclusive agent for producing and printing any corporate supplements that were inserted into *El Nuevo Día* and *Primera Hora*. The district court in Ramallo I described the relevant policy regarding corporate supplements as follows:

---

[1] While Carlos Nido was named as a defendant in this case, no claims were asserted against him, no relief was sought from him, and he is not a party to this appeal.

> Creative Minds performs all the functions needed to produce the supplement, including preparation of editorial content and artwork, sales of advertising, coordination of the printing and insertion in the newspaper. Defendants' stated reasons for the policy of using only Creative Minds to produce corporate supplements are the need to maintain editorial integrity, to ensure the content is accurate and comports with its style and content policies, and to take advantage of cost savings.

Id. at 124-25.

In Ramallo I, Ramallo challenged El Día's policy of inserting into its newspapers only corporate supplements produced and printed by Creative Minds. Ramallo claimed, among other things, that such policy violated both federal and Commonwealth antitrust laws. The district court rejected Ramallo's claims, finding no antitrust violations at all. In particular, the district court found that (1) El Día's supplement policy had no significant anti-competitive effect, given that corporate supplements constitute "a de minimis part of the advertising and printing business in Puerto Rico," Ramallo I, 392 F. Supp. 2d at 136; (2) the printing and delivery of corporate supplements did not comprise separate products (a tying product and a tied product) but, rather, two components of a single product—the preparation of a section of the newspaper, id. at 136-37; (3) the businesses featured in the corporate supplements were not coerced into buying any product because the supplements were financed entirely through advertising revenues, id. at 137; and (4) corporate supplements are

-4-

an editorial product, the newspaper's control of which is protected by the First Amendment.  Id.  Ramallo having filed no appeal, the district court's decision in Ramallo I has become final.

C.

In this case, in its amended complaint,[2] Ramallo challenges the newspapers' refusal to insert its fortieth anniversary corporate supplement in *El Nuevo Día* and *Primera Hora*. Specifically, Ramallo alleges that, by tying the printing of the fortieth anniversary supplement to the delivery of that supplement in *El Nuevo Día* and *Primera Hora*, the newspapers restrained trade and eliminated competition in the printing and delivery markets for corporate supplements, all in violation of the Sherman Act and the antitrust laws of Puerto Rico.

The district court (in the person of the same district judge who presided over Ramallo I) dismissed Ramallo's claims, explaining:

> A comparison of Plaintiff's current complaint with its complaint in Ramallo I reveals that the factual underpinning for both cases is materially identical. . . . Plaintiff

---

[2] We do not consider claims raised in Ramallo's initial complaint that were not restated in its amended complaint. See Kolling v. American Power Conversion Corp., 347 F.3d 11, 16 (1st Cir. 2003) (noting that "[Plaintiff's] amended complaint completely supersedes his original complaint, and thus the original complaint no longer performs any function in the case"). 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1476 (2d ed. 1990) (explaining that "[o]nce an amended pleading is interposed, the original pleading no longer performs any function in the case").

alleges in both complaints that Defendants' corporate supplement printing policy is intended to foreclose competition in the printing market. . . .

Indeed, the only difference between the factual allegations in these two cases is that Ramallo I focused on the effect that Defendants' policy had on Plaintiff's ability to print supplements for third parties, whereas Plaintiff's current claims challenge the application of Defendants' policy to a corporate supplement that Plaintiff recently printed for itself, rather than a third party.

Dist. Ct. Order at 8.

The district court rejected Ramallo's argument that the doctrines of res judicata and collateral estoppel were inapplicable because the two cases were different, the more recent case involving events that post-dated the earlier case altogether, and the two cases involving supplements prepared for different purposes. The district court found that the distinctions advanced by Ramallo were legally insignificant. Characterizing Ramallo's new case as "nothing more than a second challenge to Defendants' overall corporate supplement printing policy," the district court determined that Ramallo's current claims were barred by the doctrines of both res judicata and collateral estoppel.

II.

A.

We review de novo a district court's dismissal of a case on res judicata and collateral estoppel grounds. Gonzalez-Pina v.

Rodriquez, 407 F.3d 425, 429-30 (1st Cir. 2005). We accept as true the factual allegations of the complaint and draw all reasonable inferences in the plaintiff's favor. Greene v. Rhode Island, 398 F.3d 45, 48 (1st Cir. 2005). Because the judgment in Ramallo I was entered by a federal court exercising federal question jurisdiction, the applicability of res judicata and collateral estoppel is a matter of federal law. Maher v. GSI Lumonics, Inc., 433 F.3d 123, 126 (1st Cir. 2005).

B.

The Supreme Court long ago described the doctrine of collateral estoppel, or issue preclusion, as follows:

> The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for the aid of judicial tribunals would not be invoked for the vindication of rights of person and property if, as between parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue, and actually determined by them.

S. Pac. R.R. Co. v. United States, 168 U.S. 1, 48-49 (1897). More recently, the Court explained that the doctrine "means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe v. Swenson, 397 U.S. 436, 443 (1970); see also Keystone Shipping Co. v. New England Power Co., 109 F.3d 46, 51 (1st Cir. 1997) (explaining that "[t]he principle of collateral estoppel, or issue preclusion, . . . bars relitigation of any factual or legal issue that was actually decided in previous litigation between the parties, whether on the same or a different claim") (internal quotation marks and citations omitted).

A party seeking to invoke the doctrine of collateral estoppel must establish that (1) the issue sought to be precluded in the later action is the same as that involved in the earlier action; (2) the issue was actually litigated; (3) the issue was determined by a valid and binding final judgment; and (4) the determination of the issue was essential to the judgment. Keystone, 109 F.3d at 51. Here, the district court found that all of the elements of collateral estoppel were present, barring Ramallo's attempt to litigate in its second action the same issue that was litigated in the first action: namely, whether the newspapers' policy of requiring a sister company to produce and print all corporate supplements inserted into *El Nuevo Día* and

-8-

*Primera Hora* violated federal and local antitrust laws.

In its appellate brief, Ramallo barely addresses the district court's decision regarding collateral estoppel. Ramallo states that "[t]he District Court was wrong" but provides no argument about why the district court was wrong. Generally, such perfunctory treatment is insufficient to preserve an issue on appeal. See Torres-Arroyo v. Rullan, 436 F.3d 1, 7(1st Cir. 2006) (noting that "[g]auzy generalizations are manifestly insufficient to preserve an issue for appellate review"); Ryan v. Royal Ins. Co., 916 F.2d 731, 734 (1st Cir. 1990)(holding that "issues adverted to on appeal in a perfunctory manner, unaccompanied by some developed argumentation, are deemed to have been abandoned").

Although we could end our opinion here, we nonetheless note that the record adequately supports the district court's collateral estoppel decision. In its amended complaint in the later lawsuit, Ramallo alleges that, by requiring AGP to print all corporate supplements inserted into *El Nuevo Día* and *Primera Hora,* the defendants engaged in anti-competitive conduct by unlawfully tying the market for printing corporate supplements to the market for delivering those supplements, by coercing Ramallo into having its corporate supplements printed by AGP, by preventing Ramallo from reaching the public reached by *El Nuevo Día* and *Primera Hora*, and by monopolizing the printing and/or delivery markets. The district court in Ramallo I considered the equivalent of each of

these allegations in deciding the central issue of the case: whether the newspapers' corporate supplement policy violated federal and local antitrust laws. Finding no unlawful tying, no coercion, and no monopolization, the Ramallo I court determined that the newspapers' corporate supplement policy did not violate the law as alleged by Ramallo. We see no material distinction between the issues decided by the district court in Ramallo I and the issues Ramallo seeks to have decided here.

While we acknowledge that changed circumstances may defeat collateral estoppel, collateral estoppel remains appropriate where the changed circumstances are not material. Scooper Dooper, Inc. v. Kraftco Corp., 494 F.2d 840, 846 (3d Cir. 1974) (noting that, "[c]arried to its extreme, the concept of changed factual circumstances could totally undermine the application of collateral estoppel [and] . . . [t]hus, where the changed circumstances are not material, and therefore do not amount to controlling facts, collateral estoppel remains applicable"); see also 18 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4417 (2002) (suggesting that "[t]he possibility that new facts may surround continuation of the same basic conduct should not defeat preclusion unless it is shown that the new facts are relevant under the legal rules that control the outcome"). Here, the district court found, and we agree, that the changed circumstances alleged in Ramallo's second suit are legally

-10-

insignificant and do not defeat collateral estoppel.

For example, it is immaterial that Ramallo sued in its capacity as a printer for third parties in the first case and in its capacity as an advertiser for its own company in the second. The challenged policy did not change in any significant way from one suit to the next;[3] the policy was applied in the same manner whether Ramallo acted in its capacity as a printer for others or as a printer for itself; and the policy's legality under the antitrust laws in no way turned on what role—printer or advertiser—Ramallo was playing when it sought to insert a corporate supplement into *El Nuevo Día* and *Primera Hora.*

The temporal difference between the events in the two suits—namely, that the fortieth anniversary event triggering the second case did not happen until after judgment in the first case was entered—is likewise immaterial. Indeed, we have held in the past that a plaintiff cannot avoid the bar of collateral estoppel simply by suing a defendant for continuing the same conduct that

---

[3] In its reply brief, Ramallo suggests that the corporate supplement policy challenged in the first case was not the same as the policy challenged in the second case. Instead, according to Ramallo, the policy challenged in the second case was "completely new," given that the sister printing company in the second case was no longer Creative Minds (a unit of AGP) but was, instead, AGP acting as an internal department of *El Nuevo Día*. Even if we were to consider an argument raised for the first time in Ramallo's reply brief, we deem the difference between the two printers—both sister companies—insignificant to the ultimate issue decided. But see Sandstrom v. ChemLawn Corp., 904F.2d 83, 87 (1st Cir. 1990) (noting that a matter "pulled together for the first time in [Plaintiff's] reply brief" was procedurally defaulted).

-11-

was found to be lawful in a previous suit brought by the same plaintiff. In <u>Pignons S.A. de Mecanique</u> v. <u>Polaroid Corp.</u>, 701 F.2d 1 (1st Cir. 1983), for example, we considered two cases involving the same parties and the same allegations of trademark infringement, false advertising, and unfair competition. Because the second case was based in part on advertisements placed by the defendant after the first case was filed, the plaintiff sought to avoid collateral estoppel by arguing that the issues in the second case were different, being—as they were—based on advertisements and products that post-dated the first case. We explained that, for the plaintiff's argument to be successful, the new advertisements and products would have to differ in some significant respect from the old. Because they did not so differ, we upheld the dismissal of the plaintiff's second case on collateral estoppel grounds. <u>Pignons</u>, 701 F.2d at 2; <u>see</u> <u>also</u> <u>Go-Videa Inc.</u> v. <u>Matsushita Elec. Indus. Co.</u>, (<u>In re Dual-Deck Video Cassette Recorder Antitrust Litigation</u>), 11 F.3d 1460, 1464 (9th Cir. 1993) (finding antitrust claims barred by collateral estoppel where "[d]istinct conduct is alleged only in the limited sense that every day is a new day, so doing the same thing today as yesterday is distinct from what was done yesterday"); <u>Exhibitors Poster Exch., Inc.</u> v. <u>Nat'l Screen Serv. Corp.</u>, 517 F.2d 110, 116 (5th Cir. 1975) (finding antitrust claims barred by collateral estoppel where the plaintiff sued the defendants for continuing a course of conduct that was previously

-12-

adjudged lawful).

In its appellate brief, in a five-sentence section addressing collateral estoppel, Ramallo suggests that, at the very least, the district court erred in dismissing its discrimination, refusal to deal, and essential facilities claims because none of the issues related to those claims was raised or litigated in Ramallo I.  Relying on Pignons, 701 F.2 at 2 (explaining that new theories cannot be used to circumvent collateral estoppel because "one opportunity to litigate an issue fully and fairly is enough"), the district court stated: "[C]ollateral estoppel still applies, although [Ramallo] has advanced several new legal theories challenging Defendants' corporate supplement printing policy." Dist. Ct. Order at 15.  The district court did not elaborate further regarding Ramallo's "new legal theories," perhaps because Ramallo's treatment of the collateral estoppel issue was just as perfunctory before the district court as it has been before this court.  Indeed, Ramallo never suggested to the district court that its discrimination, essential facilities, and refusal to deal claims should survive the defendants' motion to dismiss on collateral estoppel grounds.  Instead, Ramallo argued that collateral estoppel was not applicable because the issue in the first case—applicability of the defendants' policy to Ramallo as a printer for third parties—was materially different from the issue in the second case—applicability of the defendants' policy to

-13-

Ramallo as an advertiser and printer for itself.

Collateral estoppel has long been employed as a means of ensuring repose. "Such repose is justified on the sound and obvious principle of judicial policy that a losing litigant deserves no rematch after a defeat fairly suffered, in adversarial proceedings, on an issue identical in substance to the one he subsequently seeks to raise." Astoria Federal Sav. and Loan Ass'n v. Solimino, 501 U.S. 104, 107(1991). Here, seeking just such a rematch, Ramallo alleges changed factual circumstances that are immaterial to the underlying legal issue presented, offers new theories in an attempt to resurrect the already-decided issue, asserts arguments before this court that were left unsaid before the district court, and develops in a reply brief what it neglected to include in its initial brief. Under the circumstances, we are unpersuaded that the district court erred in concluding that collateral estoppel bars Ramallo's second bid to challenge the defendants' corporate supplement policy.

### C.

Finding no reason to disturb the district court's collateral estoppel decision, we will not dwell on the matter of res judicata. Briefly, we find that every claim raised in this case was raised or could have been raised in Ramallo I.

### III.

For the reasons explained above, we AFFIRM the judgment

-14-

of the district court.