# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3754

_____

Ronald E. Byers,                          *
                                          *
            Appellant,                    *
                                          *    Appeal from the United States
      v.                                  *    Tax Court.
                                          *
Commissioner of Internal Revenue,         *       [UNPUBLISHED]
                                          *
            Appellee.                     *

_____

Submitted: July 1, 2011
Filed: July 13, 2011

_____

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Ronald Byers appeals the tax court's decision, rendered after a bench trial, upholding a notice of deficiency issued to him by the Commissioner of Internal Revenue assessing self-employment taxes and penalties for the 2004 tax year. Upon careful review, see Namyst v. Comm'r, 435 F.3d 910, 912 (8th Cir. 2006) (reviewing tax court's findings of fact for clear error and its conclusions of law de novo), we affirm in part, reverse in part, and remand for further proceedings.

We first conclude that, for the reasons more fully stated by the tax court, Byers was collaterally estopped from challenging his independent-contractor status, because that issue was litigated and decided in a prior case involving the same parties and the

same material facts. See Sydnes v. Comm'r, 647 F.2d 813, 814-15 (8th Cir. 1981) (per curiam) (doctrine of collateral estoppel applies to situations in which legal matter raised in second suit is identical in all respects to issue decided in first proceeding and controlling facts and applicable legal principles remain the same; if facts adjudicated in case relating to one tax year are identical to facts of subsequent suit dealing with different tax year, prior judgment is conclusive on same legal issues); see also Ramallo Bros. Printing, Inc. v. El Dia, Inc., 490 F.3d 86, 90 (1st Cir. 2007) (collateral estoppel remains appropriate where changed circumstances are not material). Moreover, we disagree with Byers's argument on appeal that the Commissioner abandoned his collateral-estoppel defense. We therefore conclude that the tax court properly held that Byers was liable for self-employment taxes in 2004.

We also agree with the tax court's decision not to characterize certain truck-lease payments as federal income tax withholdings for the 2004 tax year, because such a characterization would have been inconsistent with facts and evidence to which the parties had stipulated. See Sims v. Wyrick, 743 F.2d 607, 610 (8th Cir. 1984) (stipulations of fact fairly entered into are controlling and conclusive, and relief from such stipulations will be granted only under exceptional circumstances). However, we note the Commissioner essentially conceded that those truck-lease payments in 2004 were substantial, and he suggests on appeal that the payments would have been treated as a deductible business expense--as they were in the prior case--if the IRS had conducted an examination before issuing the 2004 notice of deficiency. On that basis, we reverse the tax court's decision only to the extent Byers was not afforded a business-expense deduction for his 2004 truck-lease payments, and we remand the case to the tax court for further proceedings consistent with this limited reversal. Cf. Banks v. Comm'r, 322 F.2d 530, 537-38, 548 (8th Cir. 1963) (where Commissioner conceded that certain items should not have been included in taxpayer's net worth schedule, case was remanded to tax court for recomputation of deficiency and additions to tax occasioned by elimination of those items). We affirm the tax court's decision in all other respects.

_____