Welsh, J.
This is a voluntary report of an interlocutory ruling denying the defendants’ motion for partial summary judgment. G.L.c. 231, §108; Dist./Mun. Cts. R *153 A. D. A., Rule 5. The defendants contend that the plaintiffs claim for loss of future rent is barred by the doctrine of claim preclusion. The motion judge ruled otherwise, and elected to report that ruling to this Appellate Division. We conclude that the claim for loss of future rent is barred because it could have been litigated in an action between the same parties in the Superior Court.
Plaintiff Masoud Shahidi (“Shahidi”) owns a commercial building at 700 Washington Street in Dedham, Massachusetts. Shahidi entered into a ten-year lease commencing October 1,1991 with defendant Advanced Diagnostic Imaging, Inc. (“ADI”), which operated a Magnetic Resonance Imaging, or MRI, clinic. The leased premises consisted initially of approximately 2,000 square feet of the basement level of the building. The lease provided that upon its termination for any reason, the lessee was obligated to remove all medical diagnostic equipment and restore the premises to its original condition at the lessee’s expense. Defendants Medical Resources, Inc. (“MRI”) and Dedham MRI, P.C. (“P.C.”), entities related to ADI, also used the premises during the term of the lease.
In late June, 1999, ADI informed Shahidi of its intent to vacate the premises and to remove the large magnet weighing 34,000 pounds that was part of the MRI equipment in order to relocate the diagnostic center to another site. Shahidi initially refused permission to do the demolition and reconstruction work necessary to remove the magnet. Although he relented somewhat, Shahidi imposed conditions for removal that were deemed too onerous by ADI. Faced with attempts by Shahidi to prevent removal of the equipment, ADI commenced an action in the Superior Court in January, 2000. In addition to requesting injunctive relief, the action sought damages against Shahidi for breach of the lease. Shahidi filed a counterclaim against ADI for negligence and waste, specifically contending that ADI failed to restore the leased property to its original condition, caused damage to the premises and failed to pay rent. Shahidi also filed a third-party complaint against MRI alleging that it used the premises, caused damage and failed to pay rent. ADI had hired a contractor, George Michael, to perform restoration work on the premises, but the work was not completed due to disputes with Shahidi. Renovations were not finished at the time the lease expired at the end of September, 2001. In his pretrial memorandum filed on August 27, 2001, Shahidi asserted, among other things, that the premises could not be rented until restored and reconstructed. Despite this assertion, Shahidi failed to include a claim for lost future rent in a motion to amend his third-party complaint filed in September, 2001.[3] A trial date of September 9, 2002 was eventually scheduled. Two weeks before the scheduled trial date, Shahidi moved to amend both his counterclaim and third-party complaint to add for the first time a claim for lost future rent. The new claim would have greatly increased the liability exposure of ADI, MRI and P.C., and they opposed the motion on the ground of lack of opportunity for discovery. The motion to amend was denied. Shahidi did not seek reconsideration and did not appeal the ruling.
Instead, in October, 2002, Shahidi commenced the present action in the District Court seeking damages on substantially the same claim for lost future rent against MRI, PC. and ADI. The defendants filed a Mass. R. Civ. E, Rule 12(b) (9), motion to dismiss on the ground of a prior pending action. The motion was denied.[4]
*154 Meanwhile, a jury verdict was reached in the Superior Court trial. The jury found that both Shahidi and ADI had breached the lease, and awarded damages to Shahidi. By agreement of the parties and prior to verdict, the action was dismissed as to MRI and P.C. Following the verdict, the Superior Court entered a judgment dismissing with prejudice all claims against MRI and RC.
On the basis of the Superior Court judgment, MRI and RC. filed motions for summary judgment in this District Court action on the ground that Shahidi’s District Court claim for loss of future rents was barred by the doctrine of claim preclusion. The judge denied the motion, ruling that Shahidi was denied the opportunity to litigate the claim in the Superior Court action. It is that ruling which is the subject of the report before us.
We conclude that the doctrine of claim preclusion bars the claim for unpaid future rent in this action. As noted, Shahidi failed to appeal, or to seek reconsideration of, the denial of his motion to amend to add the claim. The doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and those in privity with them, and precludes further litigation of all matters that were or should have been adjudicated in the first action. Heacock v. Heacock, 402 Mass. 21, 23 (1988). The factual nucleus of the claims for future rent in this action and those for waste, negligence and breach of the lease covenant to restore the premises in the Superior Court action is identical. Clearly, the claim for loss of future rent ought to have been contemplated by Shahidi before the Superior Court action was commenced. It was clear in the earliest stages of the parties’ controversy that the premises were not rentable without extensive renovation work. If Shahidi wished to preserve his claim, he should have presented it in the Superior Court in a timely fashion. Instead, he waited until two weeks prior to a scheduled trial date to attempt for the first time to introduce the claim.
As noted, Shahidi neither sought reconsideration of, nor appealed, the denial of his motion to amend to add the future rent claim. That error was fatal. As indicated in Restatement (Second) of Judgments §26 comment b (1982), the denial of a motion to amend to add a claim in the first action must be challenged directly by way of appeal. Failure to do so may result in claim preclusion in the second action. The Restatement approach was followed in Integrated Technologies Ltd. v. Biochem Immunosystems, Inc., 2 F. Supp. 2d 97 (D. Mass. 1998).[5] We conclude that the Superior Court denial of a motion to amend to include a claim that should have been brought in the parties’ action in that court, which denial was never challenged by way of appeal, was conclusive of Shahidi’s claim for lost future rent under principles of claim preclusion.
The denial of the defendants’ motion for partial summary judgment is vacated, and an order allowing the motion shall be entered.
So ordered.

 Shahidi’s motion sought to add George Michael as a third-party defendant and to correct the name of P.C. in his third-party complaint. The motion was allowed.

 The motion to dismiss was denied by a judge other than the one who later heard and denied the partial summary judgment motion and reported that ruling to this Division. It may be noted that the authority to make a voluntary report does not extend to an order or ruling made by another judge unless the reporting judge, as a matter of discretion, revisits the ruling or adopts it as his or her own.

 There are no Massachusetts cases directly on point.