# United States Court of Appeals
## For the First Circuit

No. 10-1013

LISA M. SILVA,

Plaintiff, Appellant,

v.

CITY OF NEW BEDFORD,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Nathaniel M. Gorton, U.S. District Judge]

Before

Lynch, Chief Judge,
Howard, Circuit Judge,
and DiClerico,* District Judge.

Valeriano Diviacchi, with whom Diviacchi Law Office was on brief, for appellant.
Joseph L. Tehan, Jr., with whom Jackie Cowin and Kopelman and Paige, P.C. were on brief, for appellee.

November 1, 2011

---

*Of the District of New Hampshire, sitting by designation.

**HOWARD**, **Circuit Judge**.   This is an appeal from the dismissal on res judicata grounds of a second action, arising from a June 2007 altercation between the plaintiff-appellant, Lisa Silva, and two police officers at a nightclub in New Bedford, Massachusetts.   For the reasons that follow, we affirm.

Silva filed suit in August of 2007 against the two New Bedford officers who arrested her during the nightclub incident. The district court denied Silva's motion to amend her complaint to add the City of New Bedford ("the City") as a defendant.  The suit ended in a settlement prompted by an offer of judgment under Federal Rule of Civil Procedure 68.  See Silva v. Gibney, No. 07-cv-11542-RGS (D. Mass.) ("Silva I").  Silva did not appeal the denial of her motion to amend.

Within a few weeks after judgment was entered in Silva I, Silva filed a second suit based on the nightclub incident, naming the City as the defendant ("Silva II").   The district court dismissed the case based on the doctrine of claim preclusion. Silva II, 677 F. Supp. 2d 367, 370-72 (D. Mass. 2009).  Silva appealed.

We review the district court's decision under the de novo standard, accepting as true the facts alleged and drawing all reasonable inferences in Silva's favor.  Ramallo Bros. Printing, Inc. v. El Dia, Inc., 490 F.3d 86, 89 (1st Cir. 2007). Because the City relies on the preclusive effect of a federal judgment, Silva

-2-

I, we apply federal law of claim preclusion. Id. Federal claim preclusion law bars a plaintiff from litigating claims in a subsequent action that could have been, but were not, litigated in an earlier suit.[1] Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010). In the context of the defensive use of non-mutual claim preclusion, the defendant must show that "(1) the earlier suit resulted in a final judgment on the merits, (2) the causes of action asserted in the earlier and later suits are sufficiently identical or related, and (3) the parties in the two suits are sufficiently identical or closely related." Id. (internal citations omitted).

Silva does not challenge the district court's conclusion that the Rule 68 judgment in Silva I constitutes a final judgment with preclusive effect. Silva II, 677 F. Supp. 2d at 369. Silva argues, nevertheless, that the judgment in Silva I settled her claims against the police officers only, not her claims against the City. Because the City was not a party to Silva I, the settlement in Silva I did not resolve, directly, Silva's claims against the City. For purposes of claim preclusion, however, the question is whether the judgment in Silva I bars Silva's claims against the City because she could have, but did not, bring those claims in

---

[1]The doctrine of res judicata includes both claim preclusion and issue preclusion. See Taylor v. Sturgell,128 S. Ct. 2161, 2170 & n.5 (2008). This case involves defensive non-mutual claim preclusion.

Silva I. See Airframe, 601 F.3d at 14. We accept the unchallenged ruling that the judgment in Silva I is a final judgment for purposes of claim preclusion.

In support of her appeal, Silva argues that her causes of action in Silva II, against the City, lack the required relationship with the causes of action against the police officers in Silva I. She also argues that the City and the police officers are not sufficiently related as parties in the two actions to support claim preclusion.

A.  Causes of Action

In considering whether the causes of action in two suits are sufficiently related to support claim preclusion, we apply a "transactional approach." Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 142 F.3d 26, 38 (1st Cir. 1998). The transactional approach does not focus on the labels or sources for the plaintiff's causes of action but instead considers whether the underlying factual bases for the causes "are related in time, space, origin or motivation . . . ." Airframe, 601 F.3d at 15 (internal quotation marks and citation omitted). In other words, we will find the required relationship "'if both sets of claims-those asserted in the earlier action and those asserted in the subsequent action-derive from a common nucleus of operative facts.'" Breneman v. U.S. ex rel. F.A.A., 381 F.3d 33, 38 (1st Cir. 2004) (quoting Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 755

-4-

(1st Cir. 1994)).

According to her complaints, Silva's claims in both <u>Silva</u> <u>I</u> and <u>Silva II</u> arose from an incident that occurred on June 16, 2007, at a nightclub in New Bedford, Massachusetts. That night, Silva drove to the nightclub to pick up her mother, who had not been permitted to enter the club. By the time Silva arrived, her mother told her that the club had called the police. Two New Bedford police officers, Timothy Gibney and William Sauve, arrived soon after Silva did. Silva argued with the officers about whether her mother had been given permission to enter the club, which devolved into physical contact. The officers charged Silva with disorderly conduct and took her to the Ash Street jail. Silva suffered a sprained wrist, bruises to her right arm, and a sore back.

Silva filed suit on August 20, 2007, bringing claims against Officers Gibney and Suave under 42 U.S.C. §§ 1983 and 1988 and the Massachusetts Civil Rights Act and bringing common law claims of false imprisonment, assault and battery, intentional infliction of emotional distress, malicious prosecution, aiding and abetting, and civil conspiracy. On November 24, 2008, Silva moved to amend her complaint to add a claim under the Massachusetts Tort Claims Act against the City. In the motion, Silva explained that on July 27, 2007, she served a "presentment letter" on the City, stating negligence claims arising from the nightclub incident that

were actionable under the Massachusetts Tort Claims Act. Silva represented that the six-month response time expired on January 27, 2008, which allowed her to bring her claim against the City.

The district court denied the motion, stating: "It is simply too late in the proceedings to permit a new defendant and a new theory of liability to be injected into the case."[2] Silva I, Dec. 18, 2008. The parties filed their settlement agreement on March 11, 2009. Judgment entered on March 25, 2009.

Silva filed a new action on April 19, 2009, Silva II. The statement of facts in her new complaint is nearly identical to the statement of facts in the Silva I complaint. Silva added allegations in Silva II that the officers arrested her negligently, because of the City's negligent training and supervision of its police officers with respect to the constitutional free speech limitations on the New Bedford Municipal Code. She further alleged that her arrest was based on an accepted standard custom, procedure, or policy of the City of New Bedford police department. Silva brought claims against the City under the Massachusetts Tort Claims Act and §§ 1983 and 1988.

Silva's claims against Officers Gibney and Sauve in Silva I arose from the officers' conduct during and following the incident at the nightclub on June 16, 2007. Her claims against the

---

[2]Silva's motion to amend was filed five months after the close of discovery and almost four months after the deadline for dispositive motions.

City in <u>Silva II</u> arose from the same conduct of the police officers during and following the same incident. Although Silva brought her claims under different theories, the factual basis for the claims is the same - the officers' actions during and following the incident at the nightclub on June 16, 2007. Silva's additional allegations in her complaint against the City, to support her claim of municipal liability, do not affect the identicality of the underlying transaction for both complaints. Therefore, the causes of action in both suits are sufficiently related to support claim preclusion.

B. <u>Parties</u>

As we explained in <u>Airframe</u>, claim preclusion does not require privity between parties in the two suits. 601 F.3d at 17. Instead, claim preclusion applies if there is privity or "if the new defendant is 'closely related to a defendant from the original action-who was not named in the previous law suit' . . . ." <u>Id.</u> (quoting <u>Negrón-Fuentes</u> v. <u>UPS Supply Chain Solutions</u>, 532 F.3d 1, 10 (1st Cir. 2008)). Other courts have concluded that a sufficiently close relationship existed based on employment and agency to support claim preclusion. <u>See, e.g.</u>, <u>McCoy</u> v. <u>Michigan</u>, 369 Fed. Appx. 646, 650 (6th Cir. 2010); <u>Adams</u> v. <u>Cal. Dep't of Health Servs.</u>, 487 F.3d 684, 691-92 (9th Cir. 2007); <u>Russell</u> v. <u>SunAmerica Secs., Inc.</u>, 962 F.2d 1169, 1174-75 (5th Cir. 1992) (citing cases).

-7-

In this case, the defendants in Silva I, Officers Gibney and Sauve, were New Bedford police officers.  As such, they were employees of the City and were acting within the scope of their employment during the nightclub incident that gave rise to the claims in the two cases.  Silva's claims against the City are based on the officers' actions.  Therefore, the officers and the City are sufficiently closely related for purposes of claim preclusion.

Further, Silva provides no good reason to allow her claims against the City.  To the extent that Silva argues she was unable to add the City as a defendant in Silva I due to the procedure required under the Massachusetts Tort Claims Act, the record does not support a suggestion of unfairness.

The nightclub incident occurred on June 16, 2007.  To bring a claim under the Massachusetts Tort Claims Act, Silva first was required to present her claim in writing to the City and then wait for the City to deny the claim or for six months to pass.  Mass. Gen. Laws ch. 258, § 4.  Silva represents that she complied with the presentment requirement by filing her letter with the City on July 27, 2007, and that the six-month window expired without a response from the City on January 27, 2008.  Silva agrees that she was free to file her claim against the City after January 27, 2008.

Nevertheless, Silva waited nearly ten months to move to amend the complaint, which resulted in the decision to deny her motion.  She does not explain the delay.  She also failed to appeal

the denial of her motion to amend.  Under these circumstances, we discern no unfairness or inequity in the result.

The judgment of the district court is **AFFIRMED**.