# LAWRENCE D. KORN vs. THE PAUL REVERE LIFE INSURANCE COMPANY.

No. 12-P-432.

Worcester. January 16, 2013. - March 13, 2013.

Present: KANTROWITZ, MEADE, & AGNES, JJ.

*Res Judicata. Judgment,* Preclusive effect. *Practice, Civil,* Summary judgment.

Statement of the standard of review applicable to a grant of summary judgment in a case in which the opposing party will have the burden of proof at trial. [435]

In a civil action, the Superior Court judge properly granted summary judgment in favor of the defendant on the ground of claim preclusion based on a decision by a Federal court, where there was no issue that the parties were identical and the cause of action grew out of the same transaction, and where the Federal court's denial of the plaintiff's motion to amend his complaint constituted a final judgment on the merits of the claim that was the subject of the proposed amended complaint [435-438]; further, this court concluded that, in the circumstances of the case, claim preclusion could operate to bar a claim like the one that was the subject of the proposed amendment, which did not exist at the time the Federal action was commenced, in that the plaintiff had ample opportunity to amend his complaint in a timely manner to add the claim but did not do so [438-440].

CIVIL ACTION commenced in the Superior Court Department on April 20, 2010.

The case was heard by *James R. Lemire,* J., on a motion for summary judgment.

*Jonathan M. Feigenbaum* for the plaintiff.

*Joseph M. Hamilton* (*David L. Fine* with him) for the defendant.

MEADE, J. Lawrence D. Korn, a resident of the State of Michigan, appeals from an order that granted summary judgment to The Paul Revere Life Insurance Company (Paul Revere) on res judicata grounds. On appeal, Korn claims his present claim was not barred by claim preclusion, and the judge erred in granting the motion for summary judgment. We affirm.

1. *Background.* In 1988, Paul Revere issued a disability policy to Korn that would provide Korn, an attorney, with monthly payments in the event he became occupationally disabled and was unable to perform the "important duties of [his] occupation." In 2000, Korn claimed that psychiatric problems, depression, and memory problems led him to abandon his law practice. In October of that year, Korn filed a claim for benefits under the disability policy. In 2001, Paul Revere denied Korn's claim on two grounds: first, the evidence provided did not support Korn's claim that he was unable to work, and second, Korn had not satisfied the proof-of-loss requirement because he failed to submit the information Paul Revere had requested.

a. *Federal court.* In 2004, Korn brought suit in the United States District Court for the Eastern District of Michigan (District Court) against Paul Revere for breach of contract, claiming that Paul Revere wrongfully withheld disability benefits that were due under the policy. In 2005, a District Court judge initially allowed Paul Revere's motion to dismiss the suit as untimely under a contractual limitation period. In 2007, the United States Court of Appeals for the Sixth Circuit (Sixth Circuit), in an unpublished decision, reversed in part and remanded the case to the District Court. On remand, the District Court required that discovery be completed by September 30, 2008, and that all pretrial motions be filed by October 30, 2008.

While the case was on appeal in 2005, the insurance regulators of all fifty States conducted an investigation into questionable claims-handling practices of various insurance companies, including Paul Revere. The investigation resulted in a regulatory settlement agreement (RSA) between the regulators and the targeted insurance companies, in which the companies agreed to heightened claims assessment requirements and to reevaluate certain claims that had previously been denied.

On October 30, 2008, Paul Revere moved for summary judgment in District Court, claiming that Korn had failed to provide adequate proof of loss to qualify for benefits and that Paul Revere was therefore entitled to judgment as a matter of law. On November 13, 2008, Korn moved for leave to amend his complaint to state an additional breach of contract claim based on Paul Revere's alleged breach of the RSA between it and the

insurance regulators of various States, an agreement to which Korn contends he is a third-party beneficiary. On December 31, 2008, the District Court denied Korn's motion to amend and granted Paul Revere's motion for summary judgment. Korn appealed the denial of both orders to the Sixth Circuit, which affirmed the decision of the District Court in all respect in an unpublished decision dated June 25, 2010. Korn vs. Paul Revere Ins. Co., U.S. Ct. App., No. 09-1081 (6th Cir. June 25, 2010) (*Korn I*).

On the merits, the Sixth Circuit concluded that Korn did not adequately document his claimed disability and loss of income and that Paul Revere did not breach the policy by so deciding. As to Korn's motion to amend, the court concluded that Korn had failed to show "good cause" or "excuse" for his late request. The court held that the RSA — the contract on which Korn's proposed amendment is based — had been publicly available since its implementation in January of 2005. The court also held that "Korn was clearly aware of the RSA when he asked [a Paul Revere employee] about it in her deposition on October 23, 2008. . . . Yet Korn did not move to add his claim for breach of the RSA until November 13, 2008, forty-four days after the close of discovery and fourteen days after the deadline for filing pretrial motions requiring extensive briefing. Because Korn [did] not explain his delay in moving to amend, Korn [did not satisfy] the 'good cause' requirement."

Similarly, because Korn did not explain why, after receiving actual knowledge of the RSA, he waited to seek leave to amend until after the expiration of the discovery and motion-filing deadlines, the court held that Korn did not satisfy "the requirement imposed by the scheduling order that motions to amend the complaint 'be made promptly after receipt of the information upon which the proposed amendment is based.' " In the end, the court determined that the District Court's denial of the motion to amend was not an abuse of discretion.

b. *State court.* In April, 2010, while Korn's appeal of *Korn I* was pending in the Sixth Circuit, Korn filed the instant matter in the Superior Court (*Korn II*). In this complaint, Korn alleged the same claim that he unsuccessfully attempted to add to his suit in District Court in Michigan, i.e., that Paul Revere had breached the RSA by, essentially, failing to notify him that he

could have his disability claim denial reconsidered. Paul Revere moved for summary judgment, generally contending that the Sixth Circuit decision in *Korn I* precluded Korn's present claim. The judge granted summary judgment to Paul Revere, and Korn appeals.

2. *Discussion.* a. *Standard of review.* Summary judgment is proper where there is no genuine issue of material fact, and when viewing the evidence in the light most favorable to the nonmoving party, the moving party is entitled to judgment as a matter of law. See *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991); *Boazova* v. *Safety Ins. Co.*, 462 Mass. 346, 350 (2012); Mass.R.Civ.P. 56(c), as amended, 436 Mass. 1404 (2002). "[A] party moving for summary judgment in a case in which the opposing party will have the burden of proof at trial is entitled to summary judgment if he demonstrates, by reference to material described in [rule] 56(c), unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party's case." *Kourouvacilis* v. *General Motors Corp.*, *supra.* Our review is de novo, see *Matthews* v. *Ocean Spray Cranberries, Inc.*, 426 Mass. 122, 123 n.1 (1997); we consider the record and the legal principles involved without deference to the judge's reasoning. See *Clean Harbors, Inc.* v. *John Hancock Life Ins. Co.*, 64 Mass. App. Ct. 347, 357 n.9 (2005).

b. *Choice of law.* The parties disagree as to the applicable law in the circumstances of this case. Korn utilizes Massachusetts res judicata law to fashion his argument that it was error to allow Paul Revere summary judgment. Paul Revere and the Superior Court judge analyzed the claim under Michigan law because "in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." *Taylor* v. *Sturgell*, 553 U.S. 880, 891 n.4 (2008). While *Korn I* was a diversity action brought pursuant to 28 U.S.C. § 1332(a)(1), *Korn II*, brought in Superior Court, is not. "When a State court is faced with the issue of determining the preclusive effect of a Federal court's judgment, it is the Federal law of res judicata which must be examined." *Anderson* v. *Phoenix Inv. Counsel of Boston, Inc.*, 387 Mass. 444, 449 (1982). See

*Aronovitz* v. *Fafard*, 78 Mass. App. Ct. 1, 5 (2010); Restatement (Second) of Judgments § 87 (1982).[1]

In Federal court, "[t]he preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.' Under the doctrine of claim preclusion, a final judgment forecloses 'successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Taylor* v. *Sturgell*, 553 U.S. at 892, quoting from *New Hampshire* v. *Maine*, 532 U.S. 742, 748 (2001) (footnote omitted). See *Allen* v. *McCurry*, 449 U.S. 90, 94 (1980) (under claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action"). "Issue preclusion, in contrast, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor, supra,* quoting from *New Hampshire, supra* at 748-749. These two doctrines protect against "the expense and vexation attending multiple lawsuits, conserv[e] judicial resources, and foster[] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana* v. *United States*, 440 U.S. 147, 153-154 (1979). See *Allen* v. *McCurry, supra.*[2]

Under Federal law, the three elements of claim preclusion are

[1]The exception to this rule is that if the Federal court in the first action would clearly not have had jurisdiction to hear the claim now being raised in State court, "or if, having jurisdiction, clearly would have declined to exercise it as a matter of discretion, then a second action in a State court should not be precluded." *Anderson, supra* at 450. Korn does not argue that this exception applies, and we note that neither the District Court nor the Sixth Circuit determined that jurisdiction was lacking for Korn's RSA claim.

[2]We have not, nor has either party, discovered any apparent distinction in the development of the law of res judicata in Massachusetts or Michigan or on the Federal level that would affect this case in any material way. See *Heacock* v. *Heacock*, 402 Mass. 21, 23-26 (1988); *Bagley* v. *Moxley*, 407 Mass. 633, 636-639 (1990); *Pierson Sand & Gravel, Inc.* v. *Keeler Brass Co.*, 460 Mich. 372, 380-381 (1999); *Adair* v. *Michigan*, 470 Mich. 105, 121 (2004). Massachusetts, Michigan, and the Federal courts have adopted a broad transactional approach to the application of res judicata. See *Hatch* v. *Trail King Indus., Inc.*, 699 F.3d 38, 47 (1st Cir. 2012), quoting from *Andre Robinson Intl., Inc.* v. *Hartford Fire Ins. Co.*, 547 F.3d 48, 54 (1st Cir. 2008) ("Massachusetts

"(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions." *Hatch* v. *Trail King Indus., Inc.*, 699 F.3d 38, 45 (1st Cir. 2012). See *Kobrin* v. *Board of Registration in Med.*, 444 Mass. 837, 843 (2005) (same elements apply under Massachusetts law). Only the first element requires discussion.[3]

Korn claims that summary judgment should have been denied in *Korn II* because the Federal courts never addressed the merits of his RSA claim, which did not exist at the time he filed the complaint in *Korn I*. We disagree. Under Federal law, "[i]t is well settled that denial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading." *Hatch, supra* at 45-46, quoting from *King* v. *Hoover Group, Inc.*, 958 F.2d 219, 222-223 (8th Cir. 1992). See *Huck* v. *Dawson*, 106 F.3d 45, 49-50 (3d Cir.), cert. denied, 520 U.S. 1276 (1997). This is the rule even when the denial of the motion to amend was not appealed. See *Qualicare-Walsh, Inc.* v. *Ward*, 947 F.2d 823, 826 (6th Cir. 1991) (where the judge denied a request to amend the complaint and the plaintiffs chose not to appeal, the judge's determination became a final judgment and the doctrine of res judicata applied); *EFCO Corp.* v. *U.W. Marx, Inc.*, 124 F.3d 394, 399-400 (2d Cir. 1997) ("Where a plaintiff's motion to amend its com-

---

courts apply res judicata in a thoroughly conventional way," applying the same elements as required under Federal law); *Dart* v. *Dart*, 460 Mich. 573, 586 (1999) ("Michigan courts have broadly applied the doctrine of res judicata. They have barred, not only claims already litigated, but every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not").

[3]There is no question the parties in *Korn I* and *Korn II* are identical. Nor is there any question that the gravamen of Korn's complaint in each action grew out of the same transaction for purposes of res judicata. That is, the facts underlying each action were "related in time, space, origin or motivation," they "form[ed] a convenient trial unit," and treating them as a unit would "conform[] to the parties' expectations." *Airframe Sys., Inc.* v. *Raytheon Co.*, 601 F.3d 9, 15 (1st Cir. 2010), quoting from *In re Iannochino*, 242 F.3d 36, 46 (1st Cir. 2001). See Restatement (Second) of Judgments § 24. Furthermore, "[t]o bring claim preclusion into play, a cause of action need not be a clone of the earlier cause of action." *Massachusetts Sch. of Law at Andover, Inc.* v. *American Bar Assn.*, 142 F.3d 26, 38 (1st Cir. 1998). Korn offers no argument to the contrary.

plaint in the first action is denied, and plaintiff fails to appeal the denial, res judicata applies to the claims sought to be added in the proposed amended complaint").

Even if we were not applying Federal law, or even if we were to conclude that the denial of a motion to amend was not a decision on the merits, see *Curtis* v. *Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000), Korn's argument misplaces what had to be decided on the merits for purposes of claim preclusion. In *Korn I*, the Federal court concluded that Korn did not adequately document his claimed disability and loss of income, and that Paul Revere did not breach the policy by denying Korn's claim. This was a decision on the merits. Claim preclusion does not require a decision on the merits of a claim that could have been brought but was not. That would defy common sense. Indeed, if a judgment on the merits had occurred on the RSA claim in Federal court, resort to claim preclusion would be unnecessary, as any relitigation of the RSA in *Korn II* would have been barred by issue preclusion. See *Taylor* v. *Sturgell*, 553 U.S. at 892.

What remains to be determined is whether claim preclusion may operate to bar a claim like the RSA claim in *Korn II* that did not exist at the time *Korn I* was commenced. In the circumstances of this case, we believe that it does. As the Sixth Circuit concluded, Korn had ample opportunity to timely amend his complaint to add the RSA claim. The RSA had been publicly available since 2005, and Korn knew of the RSA during the course of discovery, having mentioned it at a deposition. Despite this, Korn waited forty-four days after discovery closed and fourteen days after the deadline for filing pretrial motions to move to amend. In the end, the court held that Korn did not satisfy the "good cause" requirement. Whatever the reason for Korn's dilatoriness in *Korn I*, it has proved fatal in *Korn II*, and we decline to reward Korn for his own delinquency by permitting *Korn II* to go forward.[4] See *Johnson* v. *SCA Disposal Servs. of New England, Inc.*, 931 F.2d 970, 975 (1st Cir. 1991) (apply-

---

[4]To the extent Korn argues that the judge in *Korn II* erred in blaming him for the delay in bringing the amendment, that matter is foreclosed by issue preclusion. The issue of delay was actually litigated and resolved in *Korn I*, and relitigation here is barred. See *New Hampshire* v. *Maine*, 532 U.S. at 748-749; *Taylor* v.

ing claim preclusion to bar a claim in a second suit that had been the subject matter of a proposed amendment in the first suit where the proposed amendment was denied as untimely). See also *Nilsen* v. *Moss Point,* 701 F.2d 556, 563 (5th Cir. 1983) (second related claim untimely advanced in the first suit not open to reexamination in the second suit); *Petromanagement Corp.* v. *Acme-Thomas Joint Venture,* 835 F.2d 1329, 1334 (10th Cir. 1988) ("The [trial] court's refusal to consolidate, like a court's denying leave to amend, does not eliminate the possibility of claim preclusion as to the untimely issues excluded"); Restatement (Second) of Judgments § 25 comment b ("It is immaterial that the plaintiff in the first action sought to prove the acts relied on in the second action and was not permitted to do so because they were not alleged in the complaint and an application to amend the complaint came too late"). The same is true under Massachusetts law. See *Isaac* v. *Schwartz,* 706 F.2d 15, 17 (1st Cir. 1983) (applying the Massachusetts law of res judicata, identical to the Federal transactional approach, and stating that the failure to timely amend to add transactionally related claims in the first suit not an excuse for the second suit).

At bottom, we see no principled distinction between a claim that could have been brought (but was not), and one that was untimely brought when it could have been added to the suit properly. In other words, because the RSA claim came into existence during a period when it could have been timely added to *Korn I* but was not, claim preclusion operates to bar its appearance in *Korn II.* See *Bagley* v. *Moxley,* 407 Mass. 633, 638 (1990), quoting from *Heacock* v. *Heacock,* 402 Mass. 21, 23 (1988) ("Claim preclusion applies 'even though the claimant is prepared in a second action to present different evidence or legal theories to support his claim' "). "Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that

---

*Sturgell,* 553 U.S. at 892. Were we to examine the issue, a finding of unexcused delay was properly substantiated. Even if we excluded the time during which *Korn I* was pending on appeal the first time, the matter was remanded to the District Court in July of 2007, and the case was reopened on September 11, 2007. Nonetheless, Korn inexplicably waited more than two months to move to amend, after discovery had been completed and after the deadline had passed for the filing of all pretrial motions.

matters once tried shall be considered forever settled as between the parties." *Wright Mach. Corp.* v. *Seaman-Andwall Corp.*, 364 Mass. 683, 688 (1974), quoting from *Baldwin* v. *Iowa State Traveling Men's Assn.*, 283 U.S. 522, 525 (1931).

*Judgment affirmed.*