NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

21-P-1144                                       Appeals Court

SURTAN MANUFACTURING CO. & others[1]  vs.  FLAGSHIP INSURANCE AGENCY, INC., & another.[2]

No. 21-P-1144.

Barnstable.    December 6, 2022. – February 27, 2023.

Present:  Sullivan, Hand, & Walsh, JJ.

Practice, Civil, Motion to amend.  Res Judicata.  Insurance Company.  Insurance, Fire.  Fire.

Civil action commenced in the Superior Court Department on March 27, 2020.

A motion to dismiss was heard by Gregg J. Pasquale, J.

Raymond H. Tomlinson, Jr., for the plaintiffs.
Timothy O. Egan for the defendants.

HAND, J.  Plaintiffs Richard Surabian, individually, and

Steven Surabian, individually and as trustee of the Richard

_____

    [1] Richard Surabian, individually, and Steven Surabian, individually and as trustee of the Richard Surabian Irrevocable Trust.

    [2] Brian J. Breton.

Surabian Irrevocable Trust, appeal from a judgment dismissing their complaint against defendants Flagship Insurance Agency, Inc. (Flagship), and Brian J. Breton as barred under the doctrine of claim preclusion.  The dismissal was based on the fact that the Surabians, in a prior related action, were denied leave to amend to add Flagship and Breton as defendants.  We conclude that the denial of the Surabians' motion to amend in the prior related action did not constitute res judicata under the doctrine of claim preclusion, and that the Surabians' complaint was improperly dismissed on that basis.

We summarize the facts alleged in the complaint, which we accept as true in reviewing the allowance of the motion to dismiss, and supplement those facts with the procedural history of the Surabians' motion to amend.  See Baby Furniture Warehouse Store, Inc. v. Meubles D&F Ltée, 75 Mass. App. Ct. 27, 28 n.1 (2009).  See also Jarosz v. Palmer, 436 Mass. 526, 530 (2002).

The Surabians operated SurTan Manufacturing Co. (SurTan),[3] a wholesale manufacturer and retailer of leather goods and apparel, in a building owned by the Richard Surabian Irrevocable Trust.  On February 23, 2016, a fire of nonsuspicious origin

---

[3] SurTan was a plaintiff in both actions, and also joined the Surabians' motion to amend, but SurTan did not file a notice of appeal from the judgment dismissing the complaint in this action.

caused extensive damage to the building and its contents.  At the time of the loss, the building and its contents were insured by a commercial property and casualty policy that American European Insurance Company (AEIC) had issued to SurTan.  SurTan purchased the policy through Flagship, an insurance agency, and Breton, an executive vice-president of Flagship.

On February 20, 2018, the Surabians brought an action against AEIC, Flagship, and others (original action) for damages related to the insurance claims handling of the fire loss.[4] Flagship responded to the complaint with a motion to dismiss, and in June 2018 the Surabians agreed to a voluntary dismissal of Flagship, without prejudice, pursuant to Mass. R. Civ. P. 41 (a) (1), 365 Mass. 803 (1974).

The original tracking deadlines in that action required the Surabians to file any motions to amend the pleadings by July 23, 2018.  An August 2019 scheduling order extended several of the case's tracking deadlines, but not the deadline for filing motions to amend the pleadings.  On February 4, 2020, the Surabians filed a motion to amend to add Flagship and Breton as defendants, asserting the discovery of new evidence.  That motion was denied.  The order denying the motion to amend explained that permitting the Surabians to amend would "result[]

---

[4] The original action did not name Breton as a defendant.

in undue delay and negate[] the [August 2019] scheduling order. . . . Having considered the lateness, delay, prior opportunity to name Flagship and . . . Breton, as well as the unfair prejudice, the motion is denied." On March 27, 2020, the Surabians brought this action (present action), asserting substantially the same claims against Flagship and Breton as the Surabians had sought to assert through their motion to amend. The present action was dismissed in March 2021 before any judgment entered in the original action.[5]

As noted, the focus of this appeal is whether the denial of the Surabians' motion to amend in the original action resulted in claim preclusion as to the present action. Although there is no traditional "final judgment on the merits" in the original action, Flagship and Breton argue that some Federal courts have held that the denial of a motion to amend can nonetheless give rise to res judicata on a claim preclusion theory, and they urge us to adopt the same rule. The Surabians offer several reasons to distinguish the Federal cases on which Flagship and Breton rely, including that in those cases, "the parties to the second action were identical to that of the first action, and the denial of the motion to amend in the prior action [occurred

---

[5] Indeed, it does not appear from the record that judgment had entered in the original action at the time this appeal was briefed.

after] a 'final' judgment on the merits."  We need not decide whether we would follow the Federal cases as a matter of State law because, for the reasons that follow, we agree with the Surabians that the Federal cases on which Flagship and Breton rely do not apply in the present circumstances.

As the Surabians suggest, claim preclusion in its classic formulation applies where "(1) there was a final judgment on the merits in the prior adjudication; (2) the party against whom preclusion is asserted was a party (or in privity with a party) to the prior adjudication; and (3) the issue in the prior adjudication was identical to the issue in the current adjudication."  Kobrin v. Board of Registration in Med., 444 Mass. 837, 843 (2005), quoting Tuper v. North Adams Ambulance Serv., Inc., 428 Mass. 132, 134 (1998).  As we have noted, the record does not reflect an entry of final judgment in the original action.

Although it is true that some Federal courts have held "that denial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading," Korn v. Paul Revere Life Ins. Co., 83 Mass. App. Ct. 432, 437 (2013), quoting Hatch v. Trail King Indus., Inc., 699 F.3d 38, 45-46 (1st Cir. 2012), the defendants misunderstand the applicable "rule."  Those cases typically involve the following circumstances:  a plaintiff seeks leave to

amend to assert new claims against a defendant already in the case,[6] leave is denied, and the plaintiff brings a second action against the same defendant.[7]  See Northern Assur. Co. of Am. v. Square D Co., 201 F.3d 84, 87-88 (2d Cir. 2000) (collecting cases).  See also Hatch, supra at 41-43.  Accord Korn, supra at 433-434, 435-438 (applying Federal law).  Under Federal law, claim preclusion bars the second action in those cases because it bars not only "claims that were brought and decided in a prior litigation," but also "all other claims relating to the same transaction against the same defendant that could have been brought at that time" (emphasis added).  Northern Assur. Co. of Am., supra at 87.

In these Federal cases, the denial of leave to amend, even when based on procedural grounds, functions as "a proxy" for a final judgment because it signifies the moment the plaintiffs

---

[6] At the times relevant to this appeal -- when the Surabians moved to amend their complaint in the original action and during the pendency of the present action -- neither Breton nor Flagship was a party to the original action.  Breton had never been named as a party, and the Surabians had voluntarily dismissed Flagship without prejudice from the original action.

[7] Each of the cases on which the judge relied, and each case on which the defendants rely on appeal, follow this pattern. See Korn, 83 Mass. App. Ct. at 433-434; Shahidi v. Michael, 2005 Mass. App. Div. 152.  See also Hatch, 699 F.3d at 41-43; Professional Mgt. Assocs., Inc. v. KPMG LLP, 345 F.3d 1030, 1032 (8th Cir. 2003), cert. denied, 540 U.S. 1162 (2004); EFCO Corp. v. U.W. Marx, Inc., 124 F.3d 394, 397 (2d Cir 1997); Qualicare-Walsh, Inc. v. Ward, 947 F.2d 823, 826 (6th Cir. 1991).  Accord Gonsalves v. Bingel, 194 Md. App. 695, 697 (2010).

have foregone the ability to bring additional claims against a given defendant related to the same transaction or occurrence that gave rise to the claims against that defendant in the initial action.  Northern Assur. Co. of Am., 201 F.3d at 88. "[T]he bar is based on the requirement that the plaintiff must bring all claims at once against the same defendant relating to the same transaction or event."  Id.  Thus, in these cases, the denial of leave to amend in the initial action has been given preclusive effect under Federal law even before the entry of final judgment in that action.  See Arrigo v. Link, 836 F.3d 787, 799 (7th Cir. 2016) (endorsing trial court's conclusion that failing to give claim preclusive effect to denial of leave to amend initial complaint to bring additional claims against existing defendant and allowing plaintiff to bring same claims in second action "would serve no purpose" as dismissal of second action would inevitably follow entry of judgment in initial action).

Here, there was no "final judgment on the merits" in the original case.  Accordingly, the classic formulation of the Federal approach, claim preclusion based on the denial of a motion to amend, does not apply.  See Northern Assur. Co. of Am., 201 F.3d at 87 ("While denial of leave to amend a complaint may have preclusive effect in some cases, claim preclusion is unavailable here because the claims sought to be added to the

first suit were against an independent party and were not required to be brought in that suit").  The Federal cases on which Flagship and Breton rely likewise fail to support their argument because those cases are factually distinguishable from this one.  Unlike the circumstances described in the Federal cases, in the present action, the Surabians sought leave to assert new claims against defendants who were not parties to the original action.

As counsel for Flagship and Breton acknowledged at oral argument, rather than seeking leave to amend their complaint in the original action, the Surabians could have brought a new and separate action against Flagship and Breton.[8]  As we have explained, denial of the Surabians' motion to amend did not preclude a second action.[9]  See Northern Assur. Co. of Am., 201

---

[8] Had they done so while the original action was pending, they could then have moved to consolidate the two suits, thereby avoiding the claim preclusion issue raised in this appeal.  A holding that the denial of the Surabians' motion to amend constituted res judicata on a theory of claim preclusion would therefore amount to a trap for the unwary.

[9] In their appellate brief, Flagship and Breton did argue that Breton, as an officer of Flagship, had a close and significant relationship with Flagship warranting the application of nonmutual claim preclusion under Federal law. See, e.g., Silva v. New Bedford, 677 F. Supp. 2d 367, 372-373 (D. Mass. 2009), aff'd, 660 F.3d 76 (1st Cir. 2011), cert. denied, 566 U.S. 906 (2012).  Without deciding whether such a doctrine even exists under Massachusetts law, a question we do not reach, even under the defendants' formulation the issue would be whether Flagship and Breton had a close and significant relationship with AEIC or the other defendants in the original

F.3d at 88-89 (plaintiffs have "as many causes of action as there are defendants to pursue" [citation omitted]).  See also Silva v. New Bedford, 677 F. Supp. 2d 367, 371 (D. Mass. 2009), aff'd, 660 F.3d 76 (1st Cir. 2011), cert. denied, 566 U.S. 906 (2012) ("Courts have . . . distinguished cases where amendment was sought to add a new defendant rather than simply new claims").[10]

Flagship and Breton also contend that we should affirm on the alternative basis that the Surabians failed to state "plausible" claims for relief.[11]  These arguments were raised below, and the Surabians also sought leave to amend if the motion judge found their claims deficient in any manner.  However, the motion judge did not rule on whether the Surabians

action, not whether Flagship and Breton had a close and significant relationship with each other.

[10] It is of no consequence that the Surabians named Flagship as a defendant in the original action, as Flagship had been dismissed, without prejudice, well before the Surabians sought leave to amend and was thus not a party to the original action at that time.  See Mass. R. Civ. P. 41 (a) (1) (voluntary dismissal filed before service by adverse party of answer or motion for summary judgment acts as adjudication on merits only "when filed by a plaintiff who has once dismissed in any court of the United States or of this or any other state an action based on or including the same claim").

[11] To the extent that the defendants' formulation of the threshold showing required under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), differs from that articulated in Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), nothing turns on the distinction.

stated plausible claims for relief, having instead ruled that the complaint was barred by claim preclusion.  Given the parties' emphasis on the claim preclusion issue in their briefs on appeal and at oral argument, and the unresolved request to amend, we decline to reach whether the Surabians' "'allegations plausibly suggest[ed]' . . . an entitlement to relief." Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007). These arguments may be considered by the motion judge on remand. See, e.g., Szymanski v. Boston Mut. Life Ins. Co., 56 Mass. App. Ct. 367, 382 (2002), citing Middleborough v. Middleborough Gas & Elec. Dep't, 422 Mass. 583, 588 (1996).

The judgment is vacated, and the case is remanded for further proceedings consistent with this opinion.[12]

So ordered.

---

[12] The Surabians' request for appellate attorney's fees and costs is denied.